DOUGHTY ET AL. *v.* STATE DEPARTMENT OF PUBLIC
WELFARE, COUNTY DEPARTMENT OF PUBLIC
WELFARE OF MADISON COUNTY.

[No. 29,183.    Filed September 16, 1954.]

*Lawrence Booram*, of Anderson, for appellants.

*William L. Peck*, of Anderson, for appellee, County Department of Public Welfare.

FLANAGAN, C. J.—This is an appeal from an interlocutory order.

Appellees brought this action to recover from appellant, William R. Doughty, the sum of $2,312.20, received by him as Old Age Assistance and Medical Aid, under provisions of the Public Welfare Act (§§ 52-1201 to 52-1220, Burns' 1951 Replacement).

By settlement of a claim in a certain estate then pending in the Madison Circuit Court, said appellant was allowed the sum of $6,000. The complaint sought to have attached or impounded $2,312.20 of that allowance.

On June 17, 1953, the court issued its order to the clerk of its court, attaching and impounding the sum of $2,312.20 as asked.

Thereafter appellant Doughty's demurrer to the complaint was overruled, he refused to plead further, judgment was rendered on the demurrer, and the clerk was ordered to release to appellees the impounded sum of $2,312.20.

Said appellant appealed, and this court reversed the judgment, with instructions to sustain the demurrer. See *Doughty* v. *State Department of Public Welfare* (1954), 233 Ind. 213, 117 N. E. 2d 651.

Petition for rehearing was denied on April 2, 1954, and the certified opinion of this court was spread of record on the order book of the Madison Circuit Court on April 21, 1954. On that day the court made an order vacating the judgment and sustaining the demurrer, and the appellees filed an amended complaint. On April 22, 1954, appellant herein, Grace B. De Armond, an attorney of record for appellant Doughty, withdrew the $2,312.20 which had been impounded by the court's order of June 17, 1953.

On May 17, 1954, the Madison Circuit Court summarily issued an order that Grace B. De Armond return said money to the clerk. This order of May 17, 1954, is the one from which this appeal is taken.

The legal question is whether the order entered by the Madison Circuit Court on June 17, 1953, impounding the money, was still in effect on April 22, 1954, when appellant De Armond withdrew it.

Appellants contend that the order of June 17, 1953, ended with the final judgment, and that the reversal of the final judgment did not revive that order.

With this contention we cannot agree.

The purpose of courts of appellate jurisdiction is to inquire as to whether or not the judgment of the trial court was erroneous when rendered. If the appellate tribunal finds the judgment was erroneous and reverses it, such judgment is forthwith vacated and set aside and no longer remains in existence. The parties are then restored to the position they held before the judgment was pronounced and must take their places in the trial court at the point

where the error occurred, and proceed to a decision. See discussions, 3 Am. Jur., Appeal and Error, pp. 690, 697, 698.

In this case, the position before the final judgment was pronounced included the existence of the impounding order of June 17, 1953. To that position the parties returned when the final judgment was reversed.

It is suggested, however, that on April 22, 1954, the date the money was withdrawn by appellant De Armond, the demurrer to the original complaint had been sustained, and therefore the complaint upon which the order of June 17, 1953, was issued no longer existed to support that order. The reasoning is that when the complaint went out, the order based upon it necessarily followed, and a new complaint would require a new order.

This reasoning is based upon a misunderstanding of the function of a demurrer. A demurrer and a motion to strike are two different things. A motion to strike, when sustained, takes out the complaint or the parts thereof stricken. A demurrer, sustained, does not take out the complaint. The ruling is only that the complaint as it stands is defective. The complaint stays, and the pleader has an absolute right to keep it there and amend it. Section 2-1010, Burns' 1946 Replacement; *Ewing et al.* v. *Patterson* (1871), 35 Ind. 326; *Guthrie* v. *Howland* (1905), 164 Ind. 214, 224, 73 N. E. 259; *Royal Ins. Co.* v. *Stewart* (1921), 190 Ind. 444, 455, 129 N. E. 853.

We conclude that the order of the Madison Circuit Court, impounding the involved funds, entered June 17, 1953, was in full force and effect on April 22, 1954, at the time appellant De Ar-

mond withdrew them. Therefore the order appealed from was proper.

Judgment affirmed.

Bobbitt, Draper, Gilkison, and Emmert, JJ., concur.

Note.—Reported in 121 N. E. 2d 645.