**GRAND TRUNK WESTERN RAILROAD CO., and Richard Enos, Appellants–Defendants,**

v.

**Tamera Lee KAPITAN, Special Administratrix of the Estate of Rudolph J. Kapitan, Deceased, Appellee–Plaintiff.**

No. 45A03–9709–CV–336.

Court of Appeals of Indiana.

Aug. 19, 1998.

---

Robert G. Devetski, Sean E.G. Kenyon, Konopa & Murphy, P.C., South Bend, for Appellants–Defendants.

Kenneth J. Allen, James E. Brammer, Kenneth J. Allen & Associates, P.C., Valparaiso, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

Grand Trunk Western Railroad Co. and Richard Enos (collectively "Grand Trunk") appeal the Lake Superior Court's denial of their motion to dismiss and its grant of Tamera Lee Kapitan's ("Kapitan") petition for a preliminary injunction.

We reverse and remand.

## FACTS

On November 6, 1988, Kapitan's husband Rudolph was killed when his car was struck by one of Grand Trunk's trains. Kapitan filed suit against Grand Trunk in Lake Superior Court, but the case was transferred to the Jasper Circuit Court on April 16, 1990. In her original complaint, Kapitan alleged that Grand Trunk was negligent for having inadequate warning devices, failing to maintain a clear view of approaching trains, and failing to sound the train whistle. On November 28, 1994, Grand Trunk filed a motion for summary judgment. Eight months later the Jasper Circuit Court granted partial summary judgment in favor of Grand Trunk on the issue of improper warning devices, but denied Grand Trunk's motion for summary judgment on the remaining two claims. Ka-

pitan petitioned the trial court to certify its partial summary judgment for interlocutory appeal. The trial court denied this petition.

In an attempt to immediately appeal the grant of partial summary judgment without the additional costs of a trial, Kapitan and Grand Trunk entered into an agreement to dismiss without prejudice the remaining two claims. The agreement stated that in the event that the grant of partial summary judgment was reversed on appeal, Kapitan would be able to refile or reinstate her suit. Kapitan then appealed the Jasper Circuit Court's grant of partial summary judgment. On April 11, 1997, we reversed the trial court's grant of partial summary judgment on the issue of improper warning devices in a memorandum opinion.[1] Pursuant to our decision, the Jasper Circuit Court amended its order to deny Grand Trunk's motion for summary judgment.

On May 22, 1997, Kapitan filed suit in Lake Superior Court against Grand Trunk alleging the same claims presented in the Jasper Circuit Court. Grand Trunk filed a motion to dismiss this suit, arguing that Indiana Trial Rule 12(B)(8) barred the filing of the same lawsuit in the Lake Superior Court. Kapitan responded to this motion and filed a petition for a preliminary injunction to compel Grand Trunk to abide by its agreement with Kapitan. Eventually, the Lake Superior Court denied Grand Trunk's motion to dismiss and granted Kapitan's petition for a preliminary injunction. On September 10, 1997, after Grand Trunk had filed its praecipe with the Lake Superior Court, Kapitan filed a motion to dismiss any action still pending in the Jasper Circuit Court. At the time of this opinion, the Jasper Circuit Court has not ruled upon Kapitan's motion.

## ISSUES

This appeal raises three issues which we restate as:

I. Whether Grand Trunk waived any objection to the Lake Superior Court's jurisdiction over Kapitan's suit.

II. Whether the Lake Superior Court erred by granting Kapitan's petition for a preliminary injunction and denying Grand Trunk's motion to dismiss.

III. Whether Grand Trunk was entitled to attorney's fees pursuant to Indiana Trial Rule 65(C).

## DISCUSSION

### I. Waiver

Before we discuss Grand Trunk's claims on appeal, we first turn to Kapitan's claim that Grand Trunk has waived any objection to the Lake Superior Court's jurisdiction over this particular case. Kapitan claims that because Grand Trunk did not challenge the Lake Superior Court's jurisdiction through Indiana Trial Rule 12(B)(6), Grand Trunk waived its claim. In response, Grand Trunk argues that its motion to dismiss based on Indiana Trial Rule 12(B)(8) was a specific, timely objection to the Lake Superior Court's jurisdiction sufficient to avoid waiver.

In order to avoid waiving a challenge to a trial court's jurisdiction over a particular case, a party must make a specific and timely objection to the exercise of jurisdiction. *Harp v. Indiana Dept. of Highways*, 585 N.E.2d 652, 659–60 (Ind.Ct.App. 1992). Such a challenge must be made at the first opportunity in order to avoid waiver. *Id.* at 659. In this instance, Kapitan does not dispute that Grand Trunk's objection was timely, but instead argues that it was not sufficiently specific because the objection was not made through Indiana Trial Rule 12(B)(6). Grand Trunk argues that the most specific trial rule to premise its motion to dismiss upon was Indiana Trial Rule 12(B)(8). Indiana Trial Rule 12(B) provides:

(B) Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by a motion:

---

1. *Tamera Lee Kapitan v. Grand Trunk Western Railway Co and Richard Enos*, 37A03–9511–CV–

364, 678 N.E.2d 1299 (Ind.Ct.App. April 11, 1997).

(8) The same action pending in another state court of this state.

Grand Trunk's motion to dismiss was based on the fact that it believed the same action was still pending in the Jasper Circuit Court. By using Trial Rule 12(B)(8), Grand Trunk utilized the most specific trial rule to raise its challenge to the Lake Superior Court's jurisdiction over the particular case. Because Grand Trunk's motion to dismiss was timely and sufficiently specific, Grand Trunk did not waive its objection to the Lake Superior Court's jurisdiction over this particular case.

## II. Jurisdiction

Grand Trunk argues that the Lake Superior Court erred by granting Kapitan's petition for a preliminary injunction and by denying its motion to dismiss because the Jasper Circuit Court exercised exclusive jurisdiction over this case. In essence, Grand Trunk contends that jurisdiction over this case returned to the Jasper Circuit Court when we reversed the Jasper Circuit Court's grant of partial summary judgment and that jurisdiction was never relinquished. Kapitan contends that the agreement between the parties clearly provided for the refiling of the suit in another court and, thus, there was no error.

■ A trial court's decision to grant or deny an injunction is left to the sound discretion of that court and the trial court's decision will be reversed only upon an abuse of that discretion. *Hayworth v. Schilli Leasing, Inc.,* 669 N.E.2d 165, 167 (Ind.1996). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances or if the trial court misinterprets the law. *Id.* When reviewing a motion to dismiss, the court takes the facts alleged in the complaint as true and will grant the motion to dismiss only where it appears that under no set of facts could the plaintiff be granted relief. *St. Mary Medical Center, Inc. v. Casko,* 639 N.E.2d 312, 313 (Ind.Ct.App.1994). With these standards of review in mind, we turn to Grand Trunk's claims.

■ When an appellate court reverses a trial court's decision, that reversal vacates and nullifies the trial court's decision. *Hunter v. Hunter,* 156 Ind.App. 187, 295 N.E.2d 834, 835 (1973). "The parties are then restored to the position they held before the judgment was pronounced and must take their places in the trial court at the point where the error occurred, and proceed to a decision." *Doughty v. State Department of Public Welfare,* 233 Ind. 475, 121 N.E.2d 645, 646 (1954). After our reversal of the Jasper Circuit Court's grant of partial summary judgment, Kapitan's improper warning device claim returned to the Jasper Circuit Court. *Id.* As of the time of this appeal, Kapitan's improper warning device claim remained viable in the Jasper Circuit Court. At the same time, the same claim had been filed in the Lake Superior Court. Thus, the question becomes whether two courts may maintain concurrent jurisdiction over the same claim.

■ In Indiana, when two courts have concurrent jurisdiction over a case, the court first acquiring jurisdiction is considered to have exclusive jurisdiction over that case. *Pivarnik v. Northern Indiana Public Service Co.,* 636 N.E.2d 131, 135 (Ind.1994). "Once a court has acquired exclusive jurisdiction over a case, the case is pending in that court within the meaning of Trial Rule 12(B)(8)." *Id.* The court in which a case is first instituted has exclusive jurisdiction over the case. *Id.* In this instance, the Jasper Circuit Court first acquired jurisdiction over this case and, as discussed above, never relinquished jurisdiction over Kapitan's improper warning device claim.

■ Kapitan argues that regardless of which court first acquired jurisdiction, the parties' agreement provided that Kapitan could refile the entire suit in another court. "Once a court of competent jurisdiction acquires jurisdiction over a cause, that jurisdiction cannot be conferred upon another court, *even by agreement of the parties.*" *Ingoglia v. The Fogelson Companies, Inc.,* 530 N.E.2d 1190, 1196 (Ind.Ct.App.1988) (emphasis added). Because the parties could not confer jurisdiction over the improper warning device claim upon the Lake Superior Court, the Jasper Circuit Court retained exclusive jurisdiction over that claim unless the agreement

stipulated that the improper warning device claim was dismissed without prejudice after it was returned to the Jasper Circuit Court.

 Contract interpretation is a question of law to be determined by the court. *USA Life One Ins. v. Nuckolls,* 682 N.E.2d 534, 538 (Ind.1997). When a contract's terms are clear and unambiguous, we will simply apply the contractual provisions. *Id.* The particular words and phrases of a contract will not be read in isolation and we will determine the parties' intentions by considering the contract as a whole. *Wendy's of Fort Wayne, Inc. v. Fagan,* 644 N.E.2d 159, 161 (Ind.Ct.App.1994). In the agreement, the parties agreed to dismiss without prejudice the two claims upon which summary judgment had not been granted. The agreement then stated that Kapitan could refile or reinstate her cause of action if the trial court's judgment was reversed. The agreement did not, however, dismiss Kapitan's improper warning device claim or provide that that claim would be dismissed without prejudice if the summary judgment order was reversed. Because the improper warning device claim was not dismissed by the parties, jurisdiction over that claim remained in the Jasper Circuit Court to the exclusion of the Lake Superior Court. Contrary to Kapitan's claim, the agreement could not confer jurisdiction over the improper warning device claim upon the Lake Superior Court. *Ingoglia,* 530 N.E.2d at 1196. Because the agreement could not be used to confer jurisdiction over this case in the Lake Superior Court, the Lake Superior Court abused its discretion when it granted a preliminary injunction enforcing the agreement which was purported to confer jurisdiction over the lawsuit in that court. *Hayworth,* 669 N.E.2d at 167.

 We now turn to whether the Lake Superior Court erred by denying Grand Trunk's motion to dismiss. A party may move to dismiss a suit on the grounds that the same action is pending in another court of this state when the parties, subject matter, and remedies of the two actions are substantially the same. *State v. Marshall Superior Court II,* 644 N.E.2d 87, 89 (Ind. 1994). In this instance, the parties and one of the three claims are identical. The two

additional claims are based upon the same event, Rudolph's death, and would appear to involve essentially the same evidence. The parties' efforts to immediately appeal the improper warning device claim and the agreement's provision that Kapitan could refile or reinstate her suit only if the grant of partial summary judgment on the improper warning device claim was reversed, points to the conclusion that the parties considered that issue to be the central issue in the lawsuit. The remedy sought by Kapitan in both actions, a money award, would be the same as well. We hold that the actions pending in the Jasper Circuit Court and the Lake Superior Court were substantially the same action. The Lake Superior Court, therefore, erred by denying Grand Trunk's motion to dismiss because the Jasper Circuit Court retained exclusive jurisdiction over the action.

### III. Attorney's Fees

 In its brief, Grand Trunk requested attorney's fees pursuant to Indiana Trial Rule 65(C). Under Indiana Trial Rule 65(C), a party is entitled to recover the legal fees incurred in defending against a wrongful injunction. *Hampton v. Morgan,* 654 N.E.2d 8, 10 (Ind.Ct.App.1995). As discussed above, the Lake Superior Court erred by granting Kapitan's petition for a preliminary injunction. Grand Trunk is, therefore, entitled to recover the legal fees incurred in defending against the preliminary injunction. *Id.* We remand with instructions to determine the appropriate legal fees.

Reversed and remanded.

HOFFMAN, J., concurs.

DARDEN, J., concurs in part and dissents in part and files separate opinion.

DARDEN, Judge, concurring in part and dissenting in part.

I concur with the majority as to Issues 1 and 2; however, I must respectfully dissent as to Issue 3.

An injunction is an extraordinary equitable remedy. *Schlehuser v. City of Seymour,* 674 N.E.2d 1009, 1012 (Ind.Ct.App.1996). In

other words, the trial court exercises its equitable power in granting (or refusing) an injunction. The granting of an injunction requires great caution on the part of the trial court. *Id.* The injunction is primarily designed to maintain the status quo. *See Elder v. City of Jeffersonville,* 164 Ind.App. 422, 329 N.E.2d 654, 657 (1975) (injunctive relief is essentially for protection from future or threatened injury). Whether to grant an injunction rests within the sound discretion of the trial court. *Schlehuser,* 674 N.E.2d at 1009.

Under Indiana Trial Rule 65(C), a party may recover damages, including attorney's fees, for a *wrongful* injunction. However, I do not believe the injunction in this case should be characterized as "wrongful" so as to warrant an award of attorney fees. The facts of this case date back ten years, with litigation in multiple courts. The instant question of Kapitan's ability to proceed with her cause of action against Grand Trunk in Lake Superior Court involved the interpretation of a legal agreement between the parties. The trial court was called upon to interpret the intent of the parties and the application of the law as applied to their intent, a task with which it had some difficulty. The matter was a pure question of law, and regardless of whether venue lay in Lake or Jasper County, the same questions or issues were likely to arise until resolved by an appellate court. Consequently, I perceive no harm flowing from Kapitan's course of action in seeking clarification or the answer to a legal question through the court system, inasmuch as Grand Trunk's civil and property rights were not impinged upon in any manner.

I find the award of attorney fees in this case to be an elevation of form over substance. The action of the Lake Superior Court we now find to be erroneous had no different, nor more harmful, effect than the action of the Jasper Circuit Court in granting partial summary judgment to Grand Trunk, an action also found to be erroneous. The latter required Kapitan to appeal to this court for relief, without benefit of attorney fees, in order to rectify an error on the part of the court. Yet by reference to T.R. 65(C),

the majority would allow Grand Trunk to recover attorney fees for what I find to be the same kind of challenge, albeit wearing another label.

Based upon the facts before us, I find the award of attorney fees to be unwarranted. I further believe such an award sets a bad precedent by punishing litigants for an error on the part of the court and, as such, augurs a chilling effect upon litigants. I would deny the request for attorney fees, leave the parties where we found them, and let the matter proceed to a just resolution in the trial court.