**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 08 2012, 8:28 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:


**KENT A. EASLEY**
Plainfield, Indiana

ATTORNEYS FOR APPELLEES STATE OF INDIANA, THE SHELBY COUNTY PROSECUTOR'S OFFICE, R. KENT APSLEY, and J. BRAD LANDWERLEN:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JANINE STECK HUFFMAN**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEES SHELBY COUNTY PROBATION DEPARTMENT, DEANNA HOLDER, SHELBY COUNTY SUPERIOR COURT ONE CLERK, VICKI FRANKLIN, and CAROL STOHRY:

**JOHN T. ROY**
Travelers Staff Counsel Office
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | | |
|---|---|---|
| KENT A. EASLEY, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1109-CT-975 |
| | ) | |
| STATE OF INDIANA, SHELBY COUNTY | ) | |
| PROSECUTOR'S OFFICE, R. KENT APSLEY, | ) | |
| J. BRAD LANDWERLEN, SHELBY COUNTY | ) | |
| PROBATION DEPARTMENT, DEANNA | ) | |
| HOLDER, SHELBY COUNTY SUPERIOR | ) | |
| COURT ONE CLERK, VICKI FRANKLIN, and | ) | |

CAROL STOHRY,                                    )
                                                 )
          Appellees-Defendants.                  )

---

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Theodore M. Sosin, Judge
Cause No. 49D02-1104-CT-12691

---

**June 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Plaintiff Kent Easley appeals the trial court's order dismissing his cause of action against Appellees-Defendants State of Indiana, Shelby County Prosecutor's Office, R. Kent Apsley, J. Brad Landwerlen, Shelby County Probation Department, Deanna Holder, Shelby County Superior Court One Clerk, Viki Franklin, and Carol Stohry (collectively "Appellees"). Easley raises numerous issues on appeal which we restate as follows:

  I.    Whether the trial court abused its discretion in granting the Appellees' motion to dismiss; and

  II.   Whether the trial court abused its discretion in denying Easley's motion for a default judgment.

Concluding that the trial court acted within its discretion in dismissing Easley's cause of action against the Appellees and in denying Easley's motion for a default judgment, we affirm.

**FACTS AND PROCEDURAL HISTORY**

2

Our opinion in Easley's direct appeal of the trial court's first determination that he violated the terms of his probation instructs us as to the underlying facts leading to this appeal:

> In 2000, Easley pleaded guilty to two counts of dealing cocaine, both as Class B felonies, and one Class A misdemeanor possession of marijuana. Pursuant to a plea agreement, he was sentenced to twenty years with ten years suspended on each of the two Class B felonies and one year on the Class A misdemeanor, to be served concurrently, followed by ten years of probation. On June 14, 2007, the probation department filed a petition to revoke probation alleging that Easley had committed the offense of battery while on probation. Thereafter, on June 27, 2008, the probation department filed an addendum to its petition to revoke probation alleging that Easley had consumed alcohol while on probation. A fact-finding hearing was held on the State's petition to revoke probation, and addendum thereto, on August 8, 2008, and the court determined that Easley violated his probation. At the dispositional hearing on August 29, 2008, the court imposed three years of Easley's previously suspended sentence.

*Easley v. State*, 73A04-0810-CR-580 slip op. p. 1 (Ind. Ct. App. August 4, 2009). On appeal, this court affirmed the trial court's order revoking Easley's probation and remanded the matter to the trial court for a determination regarding the amount of credit time to which Easley was entitled. *Id*. at p. 8. On September 29, 2009, the Shelby County Superior Court issued an order modifying its prior sentencing order.

On February 24, 2010, the Shelby County Probation Department filed a second petition to revoke Easley's probation. On June 3, 2010, the Shelby County Probation Department filed an addendum to the February 24, 2010 petition to revoke Easley's probation. On July 14, 2010, the trial judge recused himself from the probation revocation hearings pursuant to Canon 3(E) of the Code of Judicial Conduct. The Honorable Dan Marshall of the Hancock Superior Court was appointed special judge and assumed

3

jurisdiction over the probation revocation proceedings. On September 20, 2010, the Shelby County Probation Department filed a second addendum to the February 24, 2010 petition to revoke Easley's probation. A "rearrest" warrant was issued and was served on Easley on October 29, 2010. Appellant's App. p. 24. A disposition hearing was conducted on December 17, 2010. Following the disposition hearing, the Shelby County Superior Court issued an order in which it apparently determined that Easley had again violated the terms of his probation.[1]

On April 1, 2011, Easley filed a civil complaint in Marion County Superior Court challenging the actions of the Appellees in connection to the revocation of his probation. The complaint sought money damages for an alleged illegal probation revocation. Service was made on the Appellees on April 18 and 19, 2011. On April 26, 2011, an attorney for the State of Indiana, the Shelby County Prosecutor's Office, and the Appellees associated with the Prosecutor's Office filed an appearance, a motion to dismiss, and a memorandum in support of the motion to dismiss. The trial court granted the motion to dismiss, with prejudice, on April 29, 2011.

On May 16, 2011, Easley moved to amend his complaint. The trial court initially denied Easley's motion, but, on May 18, 2011, vacated its April 29, 2011 order dismissing Easley's appeal and scheduled a hearing on the motion to dismiss for July 12, 2011. On June

---

[1] Our review of the Shelby County Superior Court's order is impeded by the parties' failure to provide the order to this court on appeal. The Chronological Case Summary, however, indicates that Easley was found to have violated the terms of his probation because he remained incarcerated following the disposition hearing. Further, the documents relating to the instant civil appeal seem to indicate that Easley remained incarcerated after having been found to have violated the terms of his probation.

1, 2011, an attorney for the remaining Appellees filed an appearance and a notice of joinder in the motion to dismiss.

On June 2, 2011, Easley filed a motion for default judgment against the Appellees who had filed their appearance on June 1, 2011. On June 21, 2011, the trial court made a docket entry indicating that it would hear arguments relating to Easley's motion for default judgment at the July 12, 2011 hearing. During the July 12, 2011 hearing, the trial court heard argument from the parties relating to the Appellees' motion to dismiss and Easley's motion for default judgment. On August 30, 2011, the trial court granted the Appellees' motion to dismiss and denied any remaining pending motions, including Easley's motion for default judgment. This appeal follows.

## DISCUSSION AND DECISION

Initially, we note that our review of Easley's claims is impeded because his appellate brief is largely devoid of cogent argument. *See generally*, Ind. Appellate Rule 46(A)(8)(a) (providing that an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.") However, in light of our preference for deciding cases on their merits, we will attempt to resolve Easley's claims, where possible, on the merits.

### I. Whether the Trial Court Abused its Discretion in Granting the Appellees' Motion to Dismiss

Easley contends that the trial court abused its discretion in granting the Appellees' motion to dismiss. For their part, the Appellees claim that the trial court properly granted their motion to dismiss because Easley's lawsuit is a collateral attack on the judgment of the

5

Shelby County Superior Court under Cause Number 73D01-0004-CF-28 ("Cause No. CF-28"), and also because they are subject to absolute immunity.

> It is well settled that a complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. *McQueen v. Fayette County Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999). We view the pleadings in the light most favorable to the nonmoving party and draw every reasonable inference in favor of that party. *Borgman v. Aikens*, 681 N.E.2d 213, 216 (Ind. Ct. App. 1997). When reviewing a motion to dismiss for failure to state a claim, this court accepts as true the facts alleged in the complaint. We will affirm a successful Trial Rule 12(B)(6) motion when a complaint states a set of facts, which, even if true, would not support the relief requested in that complaint. We will affirm the trial court's ruling if it is sustainable on any basis found in the record. *Minks v. Pina*, 709 N.E.2d 379, 381 (Ind. Ct. App. 1999).

*City of New Haven v. Reichhart*, 748 N.E.2d 374, 377-78 (Ind. 2001).

### A. Collateral Attack

On appeal, the Appellees claim that the trial court properly granted their motion to dismiss because the civil lawsuit filed by Easley in the trial court was a collateral attack on the Shelby County Superior Court's judgment in Cause No. CF-28. As a general principle, when an action is pending before one Indiana court, other Indiana courts must defer to that court's authority over the case. *Cinergy Corp. v. St. Paul Surplus Lines Ins. Co.*, 785 N.E.2d 586, 590 (Ind. Ct. App. 2003), *trans. denied*. Courts observe such deference in the interests of fairness to litigants, comity between and among the courts of this State, and judicial efficiency. *Id*. at 590-91. The court in which a case is first instituted has exclusive jurisdiction over the case. *Grand Trunk W. R. Co. v. Kapitan*, 698 N.E.2d 363, 366 (Ind. Ct. App. 1998). "Once a court has acquired exclusive jurisdiction over a case, the case is

6

pending in that court within the meaning of Trial Rule 12(B)(8)." *Id.*

Our review of the record indicates that in filing the instant matter in the trial court, Easley effectively sought to have the revocation of his probation by the Shelby County Superior Court overturned. The Shelby County Superior Court first acquired jurisdiction over this case and never relinquished jurisdiction.[2] Thus, the Shelby County Superior Court had exclusive jurisdiction over all matters relating to the probation revocation proceedings. *See Kapitan*, 698 N.E.2d at 366. Because the subsequent lawsuit that was filed in the trial court effectively amounts to a collateral challenge to the judgment of the Shelby County Superior Court, we conclude that the trial court properly deferred to the Shelby County Superior Court's authority over Easley's case. *Cinergy*, 785 N.E.2d at 590.

### B. Immunity

Furthermore, to the extent that Easley's lawsuit seeks recovery in addition to having the judgment of the Shelby County Superior Court overturned, the Appellees also claim that the trial court properly granted their motion to dismiss because each of the Appellees has absolute immunity and cannot be found liable with regard to Easley's claims.

### 1. State of Indiana, the Shelby County Prosecutor's Office, and Individuals Associated with the Prosecutor's Office

---

[2] To the extent that Easley argues that the Shelby County Superior Court did not properly acquire jurisdiction over the underlying criminal matter, we conclude that any argument relating to Easley's jurisdictional claims with regard to the initial underlying criminal charges is waived on appeal because Easley's complaint that was filed in the trial court refers only to his allegedly "illegal arrest" after he violated the terms of his probation. *See Chambers v. State*, 247 Ind. 445, 448, 215 N.E.2d 544, 546 (1966) (providing that an issue cannot be raised for the first time on appeal). Furthermore, to the extent that Easley did raise his challenge to the underlying criminal proceedings, we are unable to review Easley's claims because he has failed to develop the argument with cogent reasoning. *See generally*, Ind. Appellate Rule 46(A)(8)(a) (providing that an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.").

As an agent of the State, a prosecutor is absolutely immune from civil liability based on performance of prosecutorial functions, *i.e.*, initiation of criminal charges and serving as the State's advocate in judicial proceedings. *See Foster v. Pearcy*, 270 Ind. 533, 537, 387 N.E.2d 446, 449 (1979). In addition, the Indiana Tort Claims Act expressly exempts the initiation of a judicial or an administrative proceeding and the performance of a discretionary function from liability. Indiana Code § 34-13-3-3(6) and (7). This statutory immunity does not require a finding that the prosecutor engaged in "prosecutorial" acts. Rather, any act within the scope of the duties of the prosecutor's office is covered. *See generally, Sims v. Barnes*, 689 N.E.2d 734, 737-38 (Ind. Ct. App. 1997), *trans. denied*.

In the instant matter, with respect to the State of Indiana, the Shelby County Prosecutor's Office, R. Kent Apsley, and J. Brad Landwerlen, we observe that Easley does not appear to allege that any of these Appellees committed any tortious act that was outside of the scope of the authority granted to prosecuting attorneys. Thus, these individuals and entities are absolutely immune and no liability could attach. *See Foster*, 270 Ind. at 537, 387 N.E.2d at 449 (providing that no liability will attach to acts that are reasonably within the general scope of authority granted to prosecuting attorneys); *Sims*, 689 N.E.2d at 737-38 (providing that any act within the scope of the duties of the prosecutor's office is covered by absolute immunity).

### 2. The Shelby County Superior Court One Clerk, Vicki Franklin, and Carol Stohry

> [A]bsolute judicial immunity extends to persons performing tasks so integral or intertwined with the judicial process that these persons are

considered an arm of the judicial officer who is immune. [*J.A.W. v. State*, 650 N.E.2d 1142, 1151-52 (Ind. Ct. App. 1995), *as affirmed by J.A.W. v. State*, 687 N.E.2d 1202, 1215 (Ind. 1997)]. Moreover, we have held that the act of executing or enforcing a court order is a function intrinsically associated with judicial proceedings. *Id.*, at 1152. Moreover, a non-judicial officer who acts in furtherance of a valid court order cannot be deprived of immunity. *Id.*

*Newman v. Deiter*, 702 N.E.2d 1093, 1100 (Ind. Ct. App. 1998), *trans. denied*.

Easley has failed to set forth any basis for liability against the Shelby County Superior Court One Clerk, Vicki Franklin, and Carol Stohry. Easley's complaint generally alleges that the Shelby County Probation Department improperly filed a petition to revoke his probation and does not contain any specific argument relating to these Appellees or allege any improper act by these Appellees. Furthermore, to the extent that Easley's complaint could be read to include a claim that these Appellees should be liable for processing the allegedly defective warrant on instruction from the Shelby County Superior Court, again, "the act of executing or enforcing a court order is a function intrinsically associated with judicial proceedings" making these Appellees entitled to absolute judicial immunity. *See Newman*, 702 N.E.2d at 1100. As such, because these Appellees are, at most, alleged to have processed the arrest warrant in accordance with the court's order, they are absolutely immune from any potential liability.

### 3. The Shelby County Probation Department and Deana Holder

Again, absolute judicial immunity extends to persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune. *Newman*, 702 N.E.2d at 1100. A probation office and probation officers are appointed by the court, serve at the pleasure of the appointing court, and are

9

directly responsible and subject to the orders of the court. Indiana Code section 11-13-1-1.

Pursuant to Indiana Code section 11-13-1-3, a probation officer shall:

> (1) conduct prehearing and presentence investigations and prepare reports as required by law;
> (2) assist the courts in making pretrial release decisions;
> (3) assist the courts, prosecuting attorneys, and other law enforcement officials in making decisions regarding the diversion of charged individuals to appropriate noncriminal alternatives;
> (4) furnish each person placed on probation under his supervision a written statement of the conditions of his probation and instruct him regarding those conditions;
> (5) supervise and assist persons on probation consistent with conditions of probation imposed by the court;
> (6) bring to the court's attention any modification in the conditions of probation considered advisable;
> (7) *notify the court when a violation of a condition of probation occurs*;
> (8) cooperate with public and private agencies and other persons concerned with the treatment or welfare of persons on probation, and assist them in obtaining services from those agencies and persons;
> (9) keep accurate records of cases investigated by him and of all cases assigned to him by the court and make these records available to the court upon request;
> (10) collect and disburse money from persons under his supervision according to the order of the court, and keep accurate and complete accounts of those collections and disbursements;
> (11) assist the court in transferring supervision of a person on probation to a court in another jurisdiction; and
> (12) perform other duties required by law or as directed by the court.

(emphasis added). Thus, we conclude that the duties of the probation department and probation officers are charged with performing tasks so integral or intertwined with the judicial process that these persons should be considered an arm of the judicial officer who is immune. *See Newman*, 702 N.E.2d at 1100. As such, we further conclude that a probation department and probation officers are entitled to absolute judicial immunity for acts completed within the scope of their work on the court's behalf. *See id.*

Here, Easley does not allege that the Shelby County Probation Department or Deanna Holder committed any tortious act that would fall outside of the scope of their work on the court's behalf. In bringing his claim, Easley merely argues that the probation department erroneously filed the February 24, 2010 petition to revoke his probation and subsequent addenda thereto. These acts fall squarely within the scope of these Appellees' work on the court's behalf. *See* Indiana Code § 11-13-1-3(7). Accordingly, we conclude that these Appellees' were entitled to absolute judicial immunity and could not be found liable to Easley.

In sum, the trial court properly granted the Appellees' motion to dismiss because Easley's civil lawsuit effectively amounts to a collateral attack on the judgment of the Shelby County Superior Court. Furthermore, to the extent that Easley's lawsuit seeks recovery in addition to having the judgment of the Shelby County Superior Court overturned, each of the Appellees is entitled to absolute immunity and cannot be found liable with regard to Easley's claims.

## II. Whether the Trial Court Abused its Discretion in Denying Easley's Motion for Default

Easley also contends that the trial court abused its discretion in denying his motion for default. Specifically, Easley claims that the trial court abused its discretion because Appellees the Shelby County Probation Department, Deanna Holder, the Shelby County Superior Court One Clerk, Vicki Franklin, and Carol Stohry failed to appear or respond to his complaint within twenty-three days of receiving service, and as such, should be defaulted. Indiana Trial Rule 55(A) provides that "[w]hen a party against whom a judgment for

11

affirmative relief is sought has failed to plead or otherwise comply with these rules and that fact is made to appear by affidavit or otherwise, the party may be defaulted by the court." Upon appellate review of an order relating to a default judgment, the trial court's ruling is entitled to deference and will be reviewed for an abuse of discretion. *See Delphi Corp. v. Orlik*, 831 N.E.2d 265, 267 (Ind. Ct. App. 2005).

> The trial court's discretion in granting or denying a motion for default judgment is considerable. *Progressive Ins. Co. v. Harger*, 777 N.E.2d 91, 94 (Ind. Ct. App. 2002). However, the trial court should use its discretion to do what is "just" in light of the unique facts of each case. [*State Farm Mut. Auto. Ins. Co. v. Hughes*, 808 N.E.2d 112, 116 (Ind. Ct. App. 2004)]. We will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Progressive Ins. Co.*, 777 N.E.2d at 94.

*Id.*

In the instant matter, Easley filed his complaint in the trial court on April 1, 2011. Service was made on the Appellees on April 18 and 19, 2011. On April 26, 2011, an attorney for the State, the Shelby County Prosecutor's Office, and the individuals associated with the Shelby County Prosecutor's Office filed an appearance, a motion to dismiss Easley's lawsuit in its entirety, and a memorandum in support of the motion to dismiss. The trial court granted the motion to dismiss the lawsuit, with prejudice, on April 29, 2011. As a result of the dismissal of Easley's lawsuit in its entirety, as of April 29, 2011, there was no ongoing lawsuit for the remaining Appellees to appear in or respond to.

The trial court subsequently vacated its prior order and reinitiated the lawsuit on May 18, 2011. An attorney for the remaining Appellees filed an appearance and a notice of joinder in the motion to dismiss on June 1, 2011, some fifteen days after Easley's lawsuit was

12

reinitiated. As such, the remaining Appellees timely appeared in and responded to Easley's lawsuit once it was reinitiated by the trial court. *See* Ind. Trial Rule 6(C) and (E) (providing that responsive pleadings shall be served within twenty days after service of the prior pleading, plus an extra three days if notice is served by mail).

Furthermore, even if the remaining Appellees should have appeared in and responded to Easley's lawsuit within twenty-three days of receiving service of the lawsuit on April 18 or 19, 2011, despite the fact that it was subsequently dismissed in its entirety, we conclude it would have been unjust for the trial court to enter a default judgment against these parties because, as we discussed above, Easley was not entitled to the relief sought in his lawsuit. *See Orlik*, 831 N.E.2d at 267 (providing that the trial court shall use its discretion to do what is "just" in light of the unique facts of each case). Accordingly, we conclude that the trial court acted within its discretion in denying Easley's motion for default judgment.

The judgment of the trial court is affirmed.

VAIDIK, J., and CRONE, J., concur.