**MEMORANDUM DECISION**

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.




APPELLANT PRO SE

John Lane-El
New Castle, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE COURT OF APPEALS OF INDIANA

John Lane-El,
*Appellant-Petitioner,*

v.

State of Indiana,
*Appellee-Respondent*

June 10, 2015

Court of Appeals Case No. 33A01-1410-MI-451

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No. 33C02-1407-MI-69

**Mathias, Judge.**

[1] John Lane-El ("Lane-El") appeals from the Henry Circuit Court's denial of Lane-El's petition for a writ of habeas corpus. Concluding that Lane-El is not entitled to immediate release, we affirm.

## Facts and Procedural History

[2] The facts underlying this case appear to be relatively undisputed. In August of 1980, Lane-El pleaded guilty to Class B felony robbery and was sentenced to six years. This sentence was ordered to be served consecutively to a fifteen-year sentence imposed on another robbery conviction[1] and a twelve-year sentence imposed on a federal conviction for robbery.

[3] Lane-El completed his fifteen-year sentence on November 13, 1989, and he began to serve his six-year sentence. On March 23, 1992, Lane-El was released on parole on the six-year sentence.

[4] On December 18, 1992, Lane-El was charged with Class A felony rape and Class B felony criminal confinement. On January 7, 1993, the State put Lane-El's parole on hold and began parole revocation proceedings. Lane-El was convicted of the rape and confinement charges on August 25, 1993, and was subsequently sentenced to twenty years on the rape conviction, plus a thirty-year habitual offender enhancement, and a concurrent sentence of one and one-half years on the confinement conviction, for a total of fifty years.

[5] After his conviction and sentence in that case, Lane-El's parole was revoked. Lane-El claims, and the State does not refute, that Lane-El's parole was revoked solely on the basis of his conviction for rape and confinement. Lane-El began serving the remainder of his robbery sentence in 1993, and completed it in 1994. At this point, he began to serve his sentences for rape and confinement.

---

[1] *See Lane v. State*, 428 N.E.2d 28 (Ind. 1981).

[6] Thereafter, Lane-El filed a petition for post-conviction relief, which the trial court granted in 1997. The State appealed, and Lane-El was released on bond on December 3, 1997, pending the outcome of the appeal. Lane-El was not free for long, though. On April 23, 1998, this court reversed the trial court's grant of Lane-El's petition for post-conviction relief. *See State v. Lane*, No. 49A02-9709-PC-619 (Ind. Ct. App. Apr. 23, 1998) (memorandum decision). Our supreme court denied transfer on August 19, 1998. *See State v. Lane,* 706 N.E.2d 168 (Ind. Aug. 19, 1998) (table). Accordingly, on November 9, 1998, Lane-El's appeal bond was revoked, and his convictions and sentences were reinstated.

[7] On July 1, 2014, Lane-El filed a petition for a writ of habeas corpus against Keith Butts, the superintendent of the New Castle Correctional Facility in which Lane-El is incarcerated. In his petition, Lane-El claimed that he was being illegally detained and that he should have been discharged from incarceration on February 14, 2014. Lane-El claimed that his parole revocation, which was based on his convictions for rape and confinement, was invalid because his convictions for rape and confinement were overturned by the post-conviction court. Lane-El further argued that the time he served after his parole was revoked should have been credited not to his sentence for robbery, but to his sentence for rape.

[8] The State responded to Lane-El's petition by filing a motion to dismiss/motion for summary judgment. The trial court granted the State's motion to dismiss on October 14, 2014. Lane-El filed a notice of appeal on October 24, 2014, and this appeal ensued.

## Discussion and Decision

[9] Indiana Code section 34-25.5-1-1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." The purpose of a writ of habeas corpus is to determine the lawfulness of custody or detention of the defendant and may not be used to determine collateral matters not affecting the custody process. *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008). A petitioner is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody. *Id*. We review the trial court's habeas decision for an abuse of discretion. *Id*.

[10] Lane-El's argument is not easy to follow,[2] but it appears to be this: the post-conviction court's act of vacating his convictions for rape and confinement made the revocation of his parole, which was based on these convictions, a nullity; because his parole was not properly revoked, he completed his sentence on the robbery conviction, and when he was re-incarcerated for rape and confinement, he should not have been ordered to serve any remaining portion of his robbery sentence but should instead have began to immediately serve his sentence for rape and confinement. According to Lane-El's calculations, his

---

[2] We recognize that Lane-El is proceeding *pro se*, and we have endeavored to address the issues he presents on the merits. However, we note that *pro se* litigants are held to the same standards as licensed attorneys. *Whatley v. State*, 937 N.E.2d 1238, 1240 (Ind. Ct. App. 2010). Accordingly, we will not and may not become advocates for Lane-El by attempting to make his arguments for him.

sentence for rape was completed on February 14, 2014, and his continued incarceration is unlawful. We disagree.

[11] Lane-El's argument is based on several flawed presumptions. First, he assumes that the vacation of his convictions and sentences by the post-conviction court automatically nullified or voided the revocation of his parole. However, he cites no authority to support this proposition. Even if the revocation of Lane-El's parole was based, as he claims, solely on the evidence of his convictions for rape and confinement, this does not mean that the vacation of his convictions voided the revocation of his parole. Also, nothing in the record indicates that Lane-El attempted to have the revocation of his parole reversed. In this sense, the facts of the present case are distinguishable from those in *Brown v. State*, 458 N.E.2d 245 (Ind. Ct. App. 1983).

[12] In *Brown*, the defendant's probation was revoked based solely upon the fact that he was subsequently convicted for another crime. However, when his subsequent conviction was overturned on appeal, the defendant filed a petition for post-conviction relief claiming that the revocation of his parole was not supported by the evidence.

[13] On appeal from the post-conviction court's denial of the defendant's motion, we held that if the revocation of a defendant's probation was based solely upon a conviction that was subsequently overturned on appeal, additional proof is required to support the revocation. *Id*. at 249. Here, however, Lane-El did not file any post-conviction petition seeking to overturn the revocation of his parole.

Thus, *Brown* does not support Lane-El's contention that the vacation of his rape and confinement convictions automatically voided the revocation of his parole. *Cf. id*. at 250 (noting that the recommended procedure in the event of a reversal of a conviction which formed the basis of a revocation of probation is to hold a new hearing to reconsider the prior revocation at which the court may hear all pertinent evidence).

[14] More importantly, however, Lane-El's argument all but ignores the fact that the post-conviction court's vacation of Lane-El's convictions was *reversed* by this court on appeal. *Brown* is therefore completely inapposite. Indeed, as Lane-El himself notes, the effect of a reversal by a court on appeal is to vacate and nullify the lower court's judgment and return the parties to the positions they held before the entry of the lower court's judgment. *See Silverman v. Villegas*, 894 N.E.2d 249, 259 (Ind. Ct. App. 2008) (citing *Doughty v. State Dep't of Pub. Welfare*, 233 Ind. 475, 477, 121 N.E.2d 645, 646 (1954)). Thus, the post-conviction court's vacation of Lane-El's rape and confinement convictions was itself vacated and nullified by this court on appeal. Thus, Lane-El's convictions were reinstated. *See id*.

[15] Although Lane-El now claims that the DOC never held any administrative hearings to reinstate the revocation of his parole, this again presumes that his parole revocation was somehow automatically voided when his convictions were temporarily vacated by the post-conviction court. Because Lane-El's parole revocation was never reversed, the DOC had no need to reinstate his parole revocation. Moreover, Lane-El's convictions were reinstated by effect of

this court's opinion reversing the post-conviction court's vacation of Lane-El's convictions.

[16] Because we reject the premise of Lane-El's arguments, we affirm the judgment of the trial court denying his petition for a writ of habeas corpus.

[17] Affirmed.

May, J., and Robb, J., concur.