FOR PUBLICATION

ATTORNEY FOR APPELLANT
: 
ATTORNEY FOR APPELLEE
:

MARK S. O'HARA GREGORY W. BLACK

Hostetter & O'Hara Deckard & O'Brien

Brownsburg, Indiana Danville, Indiana

IN THE

COURT OF APPEALS OF INDIANA

BROWNSBURG CONSERVATION CLUB,      )

INC., )

)

Appellant-Petitioner, )

)

vs. ) No.  32A05-9708-CV-314

)

HENDRICKS COUNTY BOARD OF ZONING )

APPEALS, HENDRICKS COUNTY PLANNING )

AND BUILDING DEPARTMENT, )

)

Appellee-Respondent. )

APPEAL FROM THE HENDRICKS CIRCUIT COURT

The Honorable Steven R. Nation, Special Judge

Cause No.  32C01-9505-MI-142

August 14, 1998

OPINION - FOR PUBLICATION

RUCKER, Judge

The Brownsburg Conservation Club (the Club) initiated this appeal after the Hendricks County Board of Zoning Appeals (BZA) revoked its variance.  We address the following restated issues:  (1) did the BZA provide the Club with notice and an opportunity to be heard prior to revoking the variance, and (2) was the BZA required to support its decision with written findings.  We reverse and remand.    
 

In 1956 the Club purchased twenty acres of land in Lincoln Township, Hendricks County.  Since that time the Club has erected a club house and conducted a variety of sports  activities including the shooting of rifles and pistols.  In May of 1993 the Club was cited for violation of a county ordinance on the grounds that its then expanded shooting activities represented a non-conforming use.  We upheld the decision on appeal.  
See
 
Brownsburg v. Hendricks County
, No. 32A04-9407-CV-281 (Ind. Ct. App. May 15, 1995)
.  In the meantime the Club requested a variance so that it could expand its facilities to include high-powered rifle and pistol practice.  In December 1993, the BZA granted the Club a variance subject to eighteen "conditions for approval" which included a requirement that all conditions be met by June 20, 1994.  R. at 111.
(footnote: 1)  Although the record is not clear as to the exact date, at some point the Club was given until May 1, 1995 to comply with the conditions for approval.  In a letter to the Club's counsel dated February 22, 1995, counsel for the BZA advised:

As you well know, the conservation club was granted an extension up to and including May 1, 1995, for the completion of the conditions placed upon their variance.  I confirmed with the Board members last night that this does mean that the improvements must be made and completed and be ready for inspection prior to May 1, 1995.  If they are not completed and ready for inspection by that date, the conditions of the variance will not have been met and the variance will be void.

R. at 162.  On May 1, 1995, the BZA held a meeting on the Club's premises.  According to the BZA the meeting was open to the public, but it was not a public hearing.  Rather, the purpose of the meeting was to conduct an inspection of the premises in order "to see if the conditions of the variance had been met."  R. at 112.  After the meeting concluded the BZA voted 4 to 1 to rescind the variance because in its view "the Brownsburg Conservation Club did not meet the conditions of the variance (safety requirements) based on this on-site inspection."  R. at 114.  Thereafter the Club filed with the trial court a timely petition for writ of certiorari. After a hearing, the trial court affirmed the BZA's decision.  This appeal followed.

When reviewing a decision of the Board of Zoning Appeals, the trial court must determine if the board's decision was incorrect as a matter of law.  
Board of Zoning Appeals v. Elkins
, 659 N.E.2d 681, 683 (Ind. Ct. App. 1996), 
trans. denied
.  Also, the trial court may not conduct a trial 
de novo
 or substitute its decision for that of the board.  
Id.
  "The Court of Appeals' review of a trial court's ruling on review of such a decision is governed by the same considerations.  Unless the Board's decision was illegal, it must be upheld."  
Board of Zoning Appeals of Evansville and Vanderburgh County v. Kempf
, 656 N.E.2d 1201, 1203 (Ind. Ct.  App. 1995), 
trans. denied
.
 

The Club contends the trial court erred in affirming the decision of the BZA because  (i) it was never given notice or an opportunity to be heard, and (ii) the BZA did not support its decision with written findings.  We agree.

A variance affords relief from the enforcement of a zoning ordinance and permits use of property which the ordinance otherwise forbids.  
Hazel v. Metropolitan Development Commission of Marion County
, 154 Ind. App. 94, 289 N.E.2d 308 (1972).  Although the initial grant or denial of a variance rests within the discretion of the board of zoning appeals, Ind. Code § 36-7-4-918.4; 
Ash v. Rush County Bd. of Zoning Appeals
, 464 N.E.2d 347, 350 (Ind. Ct. App. 1984), 
trans. denied
, a zoning board has no inherent authority to revoke a  variance once issued.  Rather, because a zoning board is expressly authorized to impose reasonable conditions when it first approves a variance,
(footnote: 2) the board has the implied authority to revoke a variance if the conditions have not been satisfied.  
Schlehuser v. City of Seymour
, 674 N.E.2d 1009, 1014 (Ind. Ct. App. 1996) (
"It is implicit that when a variance is issued subject to conditions of approval, the variance can be revoked if the conditions are not met."
). 

In this case the BZA imposed eighteen specific conditions on the variance granted to the Club.  Those conditions have not been challenged as unreasonable.  The problem, however, rests in the manner by which the BZA apparently reached the conclusion that the Club did not satisfy the conditions.  First, characterizing the inspection visit as a "public meeting" as opposed to a "public hearing" the BZA did not provide the Club with an opportunity to be heard on the question of whether conditions of the variance had been met.  Indeed, in its brief the BZA acknowledges that the purpose of the meeting was for the board  "to inspect, to see, not to listen to Club members explain or neighbors complain."  Brief of Appellees at 6.  We have no quarrel with the meeting's stated purpose.  However, because revocation is a severe remedy, this court requires that interested parties are afforded an opportunity to be heard.  
Schlehuser
, 674 N.E.2d at 1014. 

 Second, the BZA did not support its decision with findings of fact.  Citing Ind. Code § 36-7-4-915
 the BZA acknowledges that no findings were made in this instance but contends they were unnecessary because no case was heard at the May 1 meeting.  That statute provides in relevant
 part that "[t]he board shall in all cases 
heard
 by it make written findings of fact."  
Id.
  (Emphasis added).  Regardless of how the meeting is characterized it is clear
 the BZA concluded that the Club was not in compliance with the conditions.  In reaching its conclusion the BZA heard testimony from a witness who was invited to the meeting by the BZA for the express purpose of providing expert information concerning the improvements made by the Club.  In addition, immediately following the meeting the BZA made a final determination to rescind the Club's variance.  Thus we reject the BZA's narrow reading of I.C. § 36-7-4-915.  
More importantly
, "[f]or 
reasons that exist independently of statute, boards of zoning appeals are required to set out findings of fact which support their determination to make possible adequate judicial review of administrative decisions." 
McBride v. Board of Zoning Appeals
, 579 N.E.2d 1312, 1316 (Ind. Ct. App. 1991).  
In this case the BZA made no findings.  Instead, the trial court entered extensive findings based on  minutes of the BZA meeting.  This was error.  Where the BZA fails to state findings of fact when entering its decision, the trial court may not enter those findings on behalf of the board. 
Holmes v. Board of Zoning Appeals of Jasper County
, 634 N.E.2d 522, 525 (Ind. Ct. App. 1994).
  Rather, the court must remand to the board to enter findings of fact in support of its conclusion.  
Id.

We conclude the BZA erred in failing to give the Club notice and an opportunity to be heard on the question of whether the conditions for approval have been met.  We also conclude the BZA erred in failing to enter findings of fact to support its decision.  Therefore we reverse the judgment of the trial court, and remand to the court with instructions that it remand this action to the BZA for further proceedings consistent with this opinion. 

Judgment reversed and cause remanded.

SHARPNACK, C.J., and GARRARD, J., concur.

FOOTNOTES
1:  Specifically, the conditions imposed provided:  1) The club will be limited to members only, and no commercial advertising for nonmember use will be permitted; 2) The hours and days of operation will be limited to the following:  a) Monday through Saturday, 10:00 AM to 6:00 PM; and b) Sunday, 1:00 PM till 5:00 PM.; 3) There will be no field lights permitted; 4) There will be no night shooting; 5) A full time, qualified, range master must be on the premises during the permitted hours of operation; 6) The president of the Club must certify, in writing, annually, to the Planning and Building Department that the club is being operated in compliance with the conditions of the variance approval and must provide the name, address, and telephone number of the range master(s); 7) There will be no additional signage permitted; 8) Warning signs must be posted and maintained, on the exterior boundaries of the property, every four hundred (400) feet and the signs must be 15" x 18"; 9) The club must comply with recommendations from the National Rifle Association or other qualified advisory groups; 10) All fully automatic weapons will not be permitted; 11) All members and guests must attend a range safety orientation program provided by the club prior to use of the range; 12) There will be an eyebrow ridge to prevent them from going across the top of the hill; 13) There will be baffling at the 100 yard range and that will be the maximum range; 14) All conditions of the approval shall be completed by June 20, 1994; 15) There shall be no shooting on the pistol and rifle range until all conditions of the approval have been completed; and 16) The maximum size weapon permitted to be fired on the premises shall not exceed .30 caliber.  AND ALSO SUBJECT TO THE FOLLOWING SELF-IMPOSED STIPULATIONS:  1) A Range Officer must be on the premises when two (2) or more shooters are on the range; and 2) There must be a Range Master on the premises during official competitions and/or matches.  R. at 111.

2: 
 
See
 Ind. Code § 36-7-4-918.4