**GARY BOARD OF ZONING APPEALS, a Municipal Body, City of Gary, Municipal Corporation, Jamelva Johnson, a/k/a Jamelda Johnson, Gwen Malone, Roberta Ola and Fred Neal, All in their capacities as Members of the Gary Board of Zoning, Appellants,**

v.

**Thurman and Anne ELDRIDGE, Appellees.**

No. 45A03–0109–CV–310.

Court of Appeals of Indiana.

Sept. 6, 2002.

---

Bessie Taylor, Taylor and Green, Gary, IN, Attorney for Appellant.

David M. Austgen, Carri N. Crider, Austgen & Decker, Crown Point, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

The Gary Board of Zoning Appeals, board members in their official capacities, and the City of Gary, Indiana (collectively the BZA) appeal the Lake Superior Court's reversal of the BZA's grant of a variance to board member Willie Cook (Cook) to reduce the side yard setback

requirement of the Gary Zoning Code. We reverse and remand.[1]

### Issues

The BZA presents three issues for review:

I. Whether the trial court erred in determining that the BZA decision was illegal due to an absence of adequate findings of fact to support the variance;

II. Whether the trial court erred in determining that the BZA acted in violation of the Indiana Open Door Act; and

III. Whether the trial court properly ordered Cook's removal from his position as a BZA member.

### Facts and Procedural History

On January 21, 2000, the Zoning Administrator for the City of Gary, Indiana issued a letter to Cook, a resident of Lakeshore Drive in Gary, advising him that his deck was in violation of the City of Gary Zoning Code side yard setback requirements. The Zoning Administrator further advised Cook that, should he elect to apply to the BZA for a variance within fifteen days from the date of the letter, court action would not be taken pending a public hearing and determination by the BZA.

On February 23, 2000, Cook filed his "Petition for Developmental Standard Variance," seeking a variance from the side yard setback standards of Section 163.051(I) of the City of Gary Zoning Code. Cook desired to retain in its entirety a wooden deck and arbor already constructed within two feet of the property of his neighbors Thurman Eldridge and Anne

1. We deny the Eldridges' petition for oral argument.

2. The trial court admitted into evidence a videotape of the April 11, 2000 BZA meeting

Eldridge (the Eldridges). The petition was considered at a public hearing of the BZA held on April 11, 2000, at which the Eldridges appeared and stated their opposition to the variance.

The BZA, with Cook abstaining, granted Cook a side yard setback variance. In so doing, the BZA made three findings relative to a developmental standard variance. The Eldridges filed their "Complaint for Declaratory Judgment and Injunctive Relief and Verified Petition for Writ of Certiorari." On July 31, 2000, the Lake Superior Court issued a writ of certiorari to the BZA. On September 25, 2000, the trial court held a hearing at which it considered the evidence contained in the BZA's return to the writ of certiorari and exhibits from the April 11, 2000 BZA meeting proffered by the Eldridges.[2] No additional testimony was heard. The trial court adopted the Eldridges' proposed findings and conclusions, ultimately issuing a multi-faceted order reversing the grant of the variance, finding a violation of the Indiana Open Door Law, and ordering the appointing authority to commence the removal of Cook as a BZA member. The BZA now appeals.

### Discussion and Decision

#### I. Standard of Review— Zoning Variance

A variance may be described as a dispensation granted to permit a property owner to use his property in a manner forbidden by the zoning code. *Schlehuser v. City of Seymour*, 674 N.E.2d 1009, 1012 (Ind.Ct.App.1996). A zoning board has the discretion to approve or deny a variance from the terms of a zoning code. *Id.*

and reproductions of photographs of the Cook/Eldridge property line viewed at that meeting. (Tr. 18–20.)

When reviewing a decision of a board of zoning appeals, the trial court must determine if the board's decision was incorrect as a matter of law. *Brownsburg Conservation Club, Inc. v. Hendricks Co. Bd. of Zoning Appeals,* 697 N.E.2d 975, 977 (Ind.Ct.App.1998). The trial court may not conduct a trial de novo or substitute its decision for that of the board. *Id.* The Court of Appeals' review is governed by the same considerations. *Id.*

## II. Legality of BZA Decision— Adequacy of BZA Findings

Cook petitioned the BZA to grant a developmental standard variance from the requirements of Section 163.051(I) of the Gary Zoning Code, which provides that side yards shall be not less than five feet in width.[3] Pursuant to Indiana Code section 36–7–4–918.5, a board of zoning appeals may approve a development standards variance only upon a determination in writing that:

(1) the approval will not be injurious to the public health, safety, morals, and general welfare of the community;

(2) the use and value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner; and

(3) the strict application of the terms of the zoning ordinance will result in practical difficulties in the use of the property.

The BZA's written findings, which essentially adopt Cook's proposed findings, are as follows:

We the members of the Gary BZA now find:

1. That the development stand [sic] variance requested will not be injurious to public health, safety, morals, general welfare because of the facts shown as follows: no encroachment, no restriction of sight, sound or view by other property owners, all construction on petitioners property.

2. That the development standard [sic] variance requested will not cause substantial adverse affect on the neighboring property because of the fact shown as follows: the value of the petitioners home will increase which helps to increase the value of abuting [sic] properties.

3. That the development standard [sic] variance requested by the strict application of the terms of the zoning ordinance will not result in an unnecessary hardship in the use of the property because of the facts shown as follows: will allow the highest and best use of the property, existing foundation prohibits property footing unless setback is altered. Setback same as dwelling.

(Appellee's App. at 2.) In reversing the BZA decision, the trial court did not identify a particular evidentiary deficiency, but rather found, in pertinent part, that "the BZA did not adopt and/or issue written findings of fact when it voted to approve Respondent Cook's Application for Variance from Developmental Standards." (App. 11.) It is apparent from the record before us that the BZA did in fact make written factual determinations on Cook's petition, whether or not those findings were made contemporaneously with the presentation of evidence.[4] Nevertheless,

---

**3.** Although Cook referenced Section 163.051(H) of the Zoning Code of the City of Gary, which pertains to front yard setbacks, Cook described his petition as one seeking a side yard setback variance, and it was treated as such at the BZA hearing.

**4.** Indiana Code section 36–7–4–915 provides in pertinent part: "The board shall in all

the findings do not address each of the criteria specified in Indiana Code section 36–7–4–918.5. The third BZA finding focuses upon the potential hardship created by granting the development standards variance, but the BZA is statutorily mandated to consider the potential hardship created by the strict application of the terms of the zoning ordinance.[5]

 Findings of fact are required to make possible adequate judicial review of administrative decisions. *Brownsburg,* 697 N.E.2d at 978. The proper remedy in the absence of adequate factual findings is remand to the board to enter findings of fact in support of its conclusion. *Id.* We therefore remand with instructions to the BZA to enter factual findings on each of the requisite statutory criteria.

### III. Legality of BZA Decision— Open Door

The BZA also challenges the trial court's determination that the BZA violated Indiana's Open Door Law, Indiana Code section 5–14–1.5–1,[6] by failing to post a copy of its agenda for the April 11, 2000 meeting at the meeting entrance and by failing to provide public notice of the time, date and place of that meeting forty-eight hours in advance.

At the July 31, 2000 proceedings before the trial court, the following exchange took place:

Mr. Austgen: Your Honor, may I be clear before counsel starts. We withdrew the issue of Open Door for purposes of the certiorari review by the Court, which is a subject of today's proceeding. So we did not anticipate the Open Door consideration being a parcel of your review of that record. It is a separate count within the lawsuit. Count two is the certiorari count, which is what we were proceeding under today and which you were going to take the record and review it. Count one is violation of Indiana Open Door Law. It's stated separately. It's set forth as a separate count of action.

The Court: So you're saying that the Open Door is an issue that does not need to be decided at this point?

Mr. Austgen: That's correct.

cases heard by it make written findings of fact." Indiana Code section 36–7–4–919(e) dictates that: "The board shall make a decision on any matter that it is required to hear under the 900 series either: (1) at the meeting at which that matter is first presented; or (2) at the conclusion of the hearing on that matter, if it is continued." Subsection (f) provides: "Within five (5) days after making any decision under the 900 series, the board of zoning appeals shall file in the office of the board a copy of its decision."

5. Section 163.030(B) of the Gary Zoning Code provides that the board shall take five factors into consideration in making its determination of whether there is unnecessary hardship; specifically: (1) the particular physical surroundings, shape, or topographical conditions of the specific property involved would result in a particular hardship upon the owner, as distinguished from a mere inconvenience, if the strict letter of the regulations were carried out; (2) the conditions upon which the requested variation is based would not be applicable, generally, to other property within the same zoning classification; (3) the alleged difficulty or hardship has not been created by any person presently having an interest in the property; (4) the granting of the variation will not be materially detrimental to the public welfare or injurious to other property or improvements in the neighborhood in which the property is located; and (5) the proposed variation will not impair an adequate supply of light and air to adjacent property, substantially increase the congestion in the public streets, increase the danger of fire, endanger the public safety, or substantially diminish or impair property values within the neighborhood.

6. Indiana Code section 5–14–1.5–1 provides that all official actions taken by public agencies should be conducted openly.

(Tr. 36.) Consequently, the only evidence presented to the trial court regarding BZA procedures was the BZA's newspaper publication exhibit offered to demonstrate Open Door Law compliance. There was no evidence of the two claimed violations submitted to the trial court. In the absence of supporting facts, the trial court's finding of an Open Door violation is erroneous.

### IV. Injunctive Relief Order

Finally, the BZA challenges the portion of the trial court's order that provides as follows:

> That the Court hereby enters a Preliminary Injunction ordering the appropriate appointing authority of Respondent Cook to the Gary BZA, pursuant to I.C. 9–7–4–902, as amended from time to time, take all necessary steps to remove Respondent Cook from the Gary BZA, pursuant to I.C. 36–7–4–906(f).

(App. 14.) An injunction is an extraordinary equitable remedy, which should not be more extensive in scope than is reasonably necessary to protect the interests of aggrieved parties. *Day v. Ryan*, 560 N.E.2d 77, 83 (Ind.Ct.App.1990). The provisions of the Indiana Local Planning and Zoning Code, Indiana Code section 36–7–4–100 et seq., do not directly confer upon the trial court the power to order the removal of a BZA member, nor have the Eldridges established that the trial court had subject matter jurisdiction to order Cook's removal to prevent irreparable harm pending resolution of a substantive action.

Assuming subject matter jurisdiction exists, such relief should not be granted except in rare instances in which the law and facts are clearly within the moving party's favor. *NIPSCO v. Dozier*, 674 N.E.2d 977, 989 (Ind.Ct.App.1996). A preliminary injunction, issued while an action is pending, requires the court's consideration of the following factors: (1) whether plaintiff's remedies at law are inadequate; (2) whether the plaintiff will likely prevail at trial; (3) whether plaintiff's threatened injury outweighs potential harm to the defendant resulting from granting of an injunction; and (4) whether the public interest will be disserved. *Id.* Although the Eldridges claim that Cook's abuse of his position is evident from the record of the September 25, 2000 hearing, they nevertheless failed to present evidence relevant to the factors to be balanced before injunctive relief could properly be granted. Moreover, the order for injunctive relief is unaccompanied by the special findings of fact required pursuant to Indiana Trial Rule 52(A). Accordingly, the order to the BZA appointing authority, which mandates Cook's removal, is reversed.

Reversed and remanded for further proceedings consistent with this opinion.

SULLIVAN, J., and MATHIAS, J., concur.