

I N T H E

# Indiana Supreme Court

Supreme Court Case No. 24S-PL-297

## Perry County, Indiana; The Board of Commissioners of the County of Perry (Indiana); Randy Cole; Randy Kleaving; Rebecca Thorn,
*Appellants (Defendants below),*

–v–

## Keith D. Huck,
*Appellee (Plaintiff Below).*

FILED

Jul 22 2025, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

Argued: October 31, 2024 | Decided: July 22, 2025

Appeal from the Perry Circuit Court
No. 62C01-2401-PL-31
The Honorable Justin B. Mills, Special Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 24A-PL-418

**Opinion by Justice Massa**

Justice Slaughter and Justice Molter concur.
Chief Justice Rush concurs in the judgment with separate opinion.
Justice Goff dissents with separate opinion.

**Massa, Justice.**

Indiana law permits public employers to provide their employees with health insurance. Our law also allows local governmental units to exclude part-time employees from group health insurance. In this case, the Perry County Board of Commissioners voted to exclude Keith Huck, an elected county councilman, from group health insurance coverage, because they deemed him to be a part-time employee under the relevant statutes. As we read the statutes, Perry County was permitted to do so. We therefore reverse the trial court's ruling to the contrary, vacate the preliminary injunction, and remand for further proceedings consistent with this opinion.

# Facts and Procedural History

Prior to January 1, 2024, Perry County provided group health insurance to its employees, retired employees, and dependent family members. Keith Huck, an elected member of the Perry County Common Council, receives a salary for his service and was covered under the group plan. In 2023, he earned an annual salary of $4,783.00, which amounted to approximately $186.96 per paycheck. All Perry County elected officials are considered county salaried employees. Huck's salary is paid by Perry County through its General Fund and, pursuant to Indiana Code Section 36-2-5-3(a), the amount of a Perry County Council member's salary is set by County ordinance. In 2023, Huck and his wife participated in the group health insurance program offered and paid for by Perry County. The health insurance plan selected by Huck cost Perry County an additional $28,863.12 on top of his annual salary.

In 2023, the Perry County Board of Commissioners (Randy Cole, Randy Kleaving, and Rebecca Thorn) (hereafter "the County") voted to exclude part-time employees from health insurance coverage. The County classified elected officials—along with the commissioners themselves, other council members, and certain additional elected officials—as part-time employees, resulting in Huck and his spouse losing health insurance on January 1, 2024. Huck received notice of his eligibility to apply for

continuation of health coverage through the Consolidated Omnibus Budget Reconciliation Act (COBRA). Huck also was eligible to purchase replacement insurance through the health care exchanges under the Affordable Care Act. He did not, however, obtain any health insurance through COBRA or otherwise.

Huck instead sought declaratory and injunctive relief against the County. He asked the court to require the County to provide him with health insurance coverage because, as an elected county official, he is by definition a full-time employee regardless of his actual hours worked. The trial court agreed and granted his request for a preliminary injunction, ordering the County to immediately reinstate his insurance coverage. The County then moved for expedited consideration of its interlocutory appeal, which the Court of Appeals granted. In a unanimous published opinion, the Court of Appeals determined that Huck was an "employee" under Indiana Code Section 5-10-8-1(1)(A) and that Section 5-10-8-2.6(b) "confer[s] on local boards the authority to exclude employees from health insurance coverage based on their status as full-time or part-time employees, and the statutes neither define full-time or part-time employees nor exempt elected officials from that consideration." *Perry Cnty. v. Huck*, 232 N.E.3d 141, 143 (Ind. Ct. App. 2024). As a result, the Court of Appeals concluded that "under the plain language of the statutes, the Board had the authority to discontinue health insurance coverage for an elected official who was also a part-time employee." *Id*.

Huck sought transfer to this Court, which we granted, thereby vacating the appellate opinion. Ind. Appellate Rule 58(A).

## Standard of Review

"Appellate review of a preliminary injunction decision is 'limited and deferential.'" *In re Paternity of H.F.D.S.*, 247 N.E.3d 834, 837 (Ind. Ct. App. 2024) (quoting *State v. Econ. Freedom Fund*, 959 N.E.2d 794, 801 (Ind. 2011), *reh'g denied*). The grant or denial of a preliminary injunction rests in the sound discretion of the trial court, and thus we limit our review to whether there was an abuse of that discretion. *Ind. Fam. & Soc. Servs.*

*Admin. v. Walgreen Co.*, 769 N.E.2d 158, 161 (Ind. 2002) (citing *Harvest Ins. Agency, Inc. v. Inter–Ocean Ins. Co.*, 492 N.E.2d 686, 688 (Ind. 1986)). In determining whether an abuse of discretion has occurred, we consider whether the evidence supports the trial court's special findings of fact and whether the findings support the judgment. *Hannum Wagle & Cline Eng'g, Inc. v. Am. Consulting, Inc.*, 64 N.E.3d 863, 874 (Ind. Ct. App. 2016). We will reverse the trial court's judgment only when it is clearly erroneous, and a judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Gleeson v. Preferred Sourcing, LLC*, 883 N.E.2d 164, 172 (Ind. Ct. App. 2008).

## Discussion and Decision

The standard for granting preliminary injunctions is high. A preliminary injunction "is an extraordinary equitable remedy that should be granted with caution." *Combs v. Daniels*, 853 N.E.2d 156, 160 (Ind. Ct. App. 2006). We have reiterated that a preliminary injunction is not a final judgment and "should be granted only in 'rare instances.'" *Econ. Freedom Fund*, 959 N.E.2d at 801 (quoting *Gary Bd. of Zoning Appeals v. Eldridge*, 774 N.E.2d 579, 584 (Ind. Ct. App. 2002), *trans. denied*). In order to obtain a preliminary injunction, the moving party must show by a preponderance of the evidence that (1) it has a reasonable likelihood of success at trial, (2) its remedies at law are inadequate and it is at risk of irreparable harm unless an injunction is issued, (3) its threatened injury outweighs the potential harm of granting the injunction, and (4) the public interest would not be disserved. *Id.* at 803. If the movant fails to satisfy any one of these four requirements, the trial court does not abuse its discretion in denying injunctive relief. *Great Lakes Anesthesia, P.C. v. O'Bryan*, 99 N.E.3d 260, 268 (Ind. Ct. App. 2018) (citing *Zimmer, Inc. v. Davis*, 922 N.E.2d 68, 74 (Ind. Ct. App. 2010)).

This case turns on the first element—whether Huck has proven that he is likely to succeed on the merits by showing that he is not a part-time employee under the relevant statutes. Based on a plain reading of the statute, we find that Huck has not established his burden of proof as to

this element. Huck is employed by a local unit public employer; therefore, he is a local unit public employee and, as such, the County reserves the right to classify him as a part-time local elected official. Given that local unit public employers may provide *or exclude* part-time employees from group insurance coverage, the County was within its power to do so.

Because we find that Huck failed to establish one of the required elements for a preliminary injunction, we need not address the others. *Id.* Accordingly, we find that the trial court abused its discretion in issuing the injunction. *Walgreen*, 769 N.E.2d at 161.

## Huck does not have a reasonable probability of success on the merits.

The question before the Court is whether local elected officials may be designated as part-time employees, which would therefore permit the County to exclude them from group health insurance. The answer, as found in the statutes, is yes.

When interpreting a statute, our primary goal is to determine and give effect to the Legislature's intent. *Adams v. State*, 960 N.E.2d 793, 798 (Ind. 2012). The best evidence of that intent is the statute's language. *Id*. "When interpreting a statute, we begin by reading its words in their plain and ordinary meaning, taking into account 'the structure of the statute as a whole.'" *Town of Linden v. Birge*, 204 N.E.3d 229, 237 (Ind. 2023) (quoting *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016)). It is important that meaning be given to each and every word used in a statute. We do not presume that the Legislature intended to enact a statutory provision that is superfluous, meaningless, or a nullity. *SAC Fin., Inc. v. Ind. Dep't of State Revenue*, 894 N.E.2d 1116, 1120 (Ind. T.C. 2008). When conducting statutory interpretation, "we are mindful 'of what the statute says and what it doesn't say' and 'avoid interpretations that depend on selective reading of individual words that lead to irrational and disharmonizing results.'" *Spells v. State,* 225 N.E.3d 767, 772 (Ind. 2024) (quoting *Town of Linden*, 204 N.E.3d at 237). Finally, and importantly, "when a statute contains both a specific provision and a

general one, the specific provision will control; the general provision will be taken to affect only such cases within its general language as are not within the provisions of the particular provision." *SAC Fin.*, 894 N.E.2d at 1120; *see also State v. Neukam*, 189 N.E.3d 152, 155 (Ind. 2022) (citing *Grether v. Ind. State Bd. of Dental Examiners*, 159 N.E.2d 131, 134 (Ind. 1959)) ("As a matter of interpretation, general statutes yield to more specific statutes.").

Indiana Code Section 5-10-8-2.6(b), which applies to local unit public employers and employees, specifies that "a public employer may provide programs of group insurance for its employees . . . . The public employer **may, however, exclude part-time employees** . . . from any group insurance coverage that the public employer provides to the employer's full-time employees." (Emphasis added). The parties agree, as do we, that the County is a local unit public employer. Indiana Code Section 5-10-8-1(5) provides that a "local unit" includes a city, town, county, township, public library, municipal corporation, school corporation, or charter school. Subsection 1(7) defines a "public employer" as the "state or local unit, including any board, commission, department, division, authority, institution, establishment, facility, or governmental unit under the supervision of either, having a payroll in relation to persons it immediately employs, even if it is not a separate taxing unit." Thus, the County "may provide programs of group health insurance for its employees" and may also "exclude part-time employees" from its group plan. I.C. § 5-10-8-2.6(b).

The statute defines an "employee" eligible for health insurance, though it does not define "part-time employee" specifically. Section 5-10-8-1(1) defines an "employee" as:

(A) an elected or appointed officer or official, or a full-time employee;

(B) if the individual is employed by a school corporation, a full-time or part-time employee;

(C) for a local unit public employer, a full-time or part-time employee or a person who provides personal services to the unit under contract during the contract period; or

(D) a senior judge appointed under IC 33-24-3-7;

> whose services have continued without interruption at least thirty (30) days.

Huck argues the County, in withholding healthcare coverage from him, violated this statutory scheme. Under Huck's reading of Section 5-10-8-1(1)(A), the use of a comma and the word "or" creates five classes of employees: "elected officers," "elected officials," "appointed officers," "appointed officials," and "full-time employees." He argues he is an "employee" eligible for healthcare coverage because the statute defines "employee" to include "an elected or appointed officer or official," and he is an elected official. And because he is an "employee" given his status as an elected official, he asserts he cannot be a "part-time employee" excluded from healthcare coverage under Subsection 5-10-8-2.6(b). Put differently, Huck argues that an "elected official," for the purposes of defining an employee, does not have to be a full-time employee but nonetheless enjoys the same status for coverage purposes.

We agree with Huck that he is a county "employee," but not for the reason he asserts. As the County notes, Subsection 1(1)(A) broadly applies to any type of "elected or appointed officer or official," whereas Subsection 1(1)(C) is a more specific statute that applies **only** to a "local unit" like the County. "For a local unit public employer, [employee means] a full-time or part-time employee or a person who provides personal services to the unit under contract during the contract period." I.C. § 5-10-8-1(1)(C). As the more specific provision dealing with local units, Subsection 1(1)(C) applies here, not Subsection 1(1)(A), a general provision that does not reference local units. *Neukam*, 189 N.E.3d at 155; *SAC Fin., Inc.*, 894 N.E.2d at 1120. And under Subsection 1(1)(C), it does not matter that Huck is an elected official. He is an "employee" and thus eligible for health insurance so long as the County classifies his position as either full- or part-time. Huck acknowledges that Subsection 1(1)(C) might also apply here but nonetheless insists we should apply Subsection (1)(1)(A). But this reading asks us to engage in selective reading of individual words, which would lead to disharmonizing results. *Spells*, 225 N.E.3d at 772. All local elected or appointed officers or officials paid under

the County's salary ordinance are included under Subsection 1(1)(C), giving the County the flexibility to treat elected officials as part-time employees if it so chooses. Therefore, under Section 5-10-8-2.6(b), the County *may* deny him group health insurance.

While Huck's reading of the statute may be accurate for *state* elected officials, it overlooks a crucial distinction as Subsection 1(1)(C) acts as a qualifier for **all local unit public employees**. Indeed, the rest of Chapter 8 confirms our conclusion that 1(1)(C) refers to all employees of a local unit public employer, elected or otherwise. Within Chapter 8, there are specific rules for state-level elected officials, but not local-unit elected officials. Subsection 5-10-8-7(b), for example, specifically governs state-level "employees who hold elected offices." Thus, the Chapter as a whole confirms that Subsection 1(1)(A)'s reference to elected officials relates to state-level elected officials, not local-level elected officials.

As a result, while local unit public employers are not required to do so, they *may* categorize their locally elected officials as full-time or part-time employees. Thus, local unit public employers *may* exclude group health insurance for those they designate as part-time employees. I.C. § 5-10-8-2.6(b) (emphasis added). We read the statute as the Legislature distinguishing local unit public employees from other employees. By doing this, we find that the Legislature intended for local unit public employers to retain discretion in the classification of their employees as full-time or part-time. This reading then correlates with the discretion the Legislature has given to local unit public employers in Subsection 5-10-8-2.6(b), allowing them to provide or exclude group health insurance for those deemed part-time.

Huck contends that even if Subsection 1(1)(C) governs exclusively, he cannot be a part-time employee and thus cannot be excluded from health insurance. This argument rests on Indiana Code Section 36-2-5-13(b) ("Compensation Statute"), which specifies that "[a]n elected county officer is not required to report hours worked and may not be compensated based on the number of hours worked." The statute defines "compensation," in turn, to include "health insurance" benefits. I.C. § 36-2-5-13(a). Thus, he says, the County may not classify Huck's position as

part-time because doing so would mean the County was compensating him "based on the number of hours worked."

In our view, Huck overreads the Compensation Statute. While the Compensation Statute bars local unit public employers from paying its elected officials at an hourly rate, it *does not* prevent local public employers from classifying an elected official as being part-time or full-time. The opening sentence to Subsection 13(b) requires a local unit to pay its elected officials "using an annual, monthly, or biweekly salary schedule." I.C. § 36-2-5-13(b). And the next sentence, the one Huck relies on, bars local units from compensating their elected officials based on the number of hours worked. Read in full, Subsection 13(b) compels the County to pay its elected officials a salary and not an hourly wage; but it does not compel the County to pay or treat its elected officials as full-time employees. Put differently, the statute does not provide the necessary link that Huck is relying on, nor does it define or use the terminology "part-time" or "full-time." Even though elected officials can be paid only a salary, and thus need not report their hours worked, that does not automatically mean they *cannot* be part-time.

It is true that in certain roles, people may be paid a salary regardless of hours worked or the amount of work completed. Elected officials' hours ebb and flow with demand, which the Compensation Statute recognizes. But this does not mean that by virtue of being paid a salary, local elected officials cannot also be considered part-time employees. Therefore, we read Section 36-2-5-13(b) as only requiring Huck's compensation to be on a salary schedule. And while Huck is correct that the County cannot compensate him based on the number of hours worked, nor are they required to ask him to report his hours worked, the statute does not prevent the County from identifying his role as part-time. For this reason, we do not find any relief for Huck in the Compensation Statute.

## Conclusion

A preliminary injunction "is an extraordinary equitable remedy that should be granted with caution," *Combs*, 853 N.E.2d at 160, and thus an

injunction should be issued only where the moving party has shown by a preponderance of the evidence that it has a reasonable likelihood of success at trial. *Members of Med. Licensing Bd. of Ind. v. Planned Parenthood Great Nw., Haw., Alaska, Ind., Ky., Inc.*, 211 N.E.3d 957, 964 (Ind. 2023). Indiana Code Section 5-10-8-1 enables local unit public employers to classify their employees and deny insurance benefits to part-time employees. The County was within its power to first designate Huck as a part-time employee and subsequently exclude him from group health insurance. For these reasons, Huck has not shown by a preponderance of the evidence that he is likely to succeed on the merits. The trial court, therefore, abused its discretion in issuing a preliminary injunction. *Great Lakes Anesthesia, P.C.*, 99 N.E.3d at 268. We therefore reverse the trial court, vacate the preliminary injunction and remand for further proceedings consistent with this opinion. If we are mistaken in our interpretation, the General Assembly remains free to revise its statutes to provide more clarity.

Slaughter and Molter, JJ., concur.
Rush C.J., concurs in the judgment with separate opinion.
Goff, J., dissents with separate opinion.

ATTORNEYS FOR APPELLANT
Anthony W. Overholt
Maggie L. Smith
Alexander P. Will
Frost Brown Todd, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Keith W. Vonderahe
Robert L. Burkart
Dirck H. Stahl
Ziemer Stayman Weitzel & Shoulders, LLP
Evansville, Indiana

**Rush, C.J., concurring in the judgment.**

The Court concludes that Perry County may classify Keith Huck, an elected official, as a part-time employee and exclude him from the county's group insurance plan on that basis. Accordingly, the Court vacates the preliminary injunction in Huck's favor. I agree with this outcome but for different reasons. The statute on group plans for local-unit public employees does not cover elected officials. And even if it does, Huck demonstrated only financial harm for which the remedy is damages. Accordingly, I concur only in the judgment.

To obtain a preliminary injunction, the movant must make four showings by a preponderance of the evidence: (1) they have a reasonable likelihood of success at trial; (2) they face irreparable harm pending resolution of the case; (3) this harm outweighs any harm to the nonmovant from granting an injunction; and (4) the requested injunction will not disserve the public interest. *Leone v. Comm'r, Ind. Bureau of Motor Vehicles*, 933 N.E.2d 1244, 1248 (Ind. 2010). Huck failed to meet his burden of proof on the first two requirements.

## I. Huck failed to show a reasonable likelihood of success at trial because he is not an "employee" for purposes of the statute on local-unit group plans.

The merits of Huck's claim rest on three statutes. He asserts he is Perry County's "employee" because Indiana Code section 5-10-8-1(1)(A) defines that term as "an elected or appointed officer or official, or a full-time employee," and he is an elected official. Ind. Code § 5-10-8-1(1)(A). Next, he maintains he is not a part-time employee because, under Section 36-2-5-13(b), county elected officials are "not required to report hours worked and may not be compensated based on the number of hours worked." *Id.* § 36-2-5-13(b). And finally, while acknowledging he is one of the "employees" for whom Perry County may provide a group plan under Section 5-10-8-2.6, he contends he is not one of the "part-time employees" whom the county may "exclude" from its plan. *Id.* § 5-10-8-2.6(b).

These arguments misconstrue the statutory scheme. The four definitions of "employee" in Section 5-10-8-1(1) apply throughout Chapter 5-10-8. *Id.* § -1. Two of those definitions are relevant here. Subsection (1)(A), on which Huck relies, defines an "employee" as "an elected or appointed officer or official, or a full-time employee." *Id.* § -1(1)(A). Subsection (1)(C), however, defines "employee" specifically "for a local unit public employer" as "a full-time or part-time employee or a person who provides personal services to the unit under contract during the contract period." *Id.* § -1(1)(C). So while this definition aligns with Subsection (1)(A) with respect to full-time employees, it omits elected and appointed officials. These definitions therefore conflict. And Subsection (1)(C), the more specific definition, controls in the local-unit context. *See State v. Neukam*, 189 N.E.3d 152, 155 (Ind. 2022) ("As a matter of interpretation, general statutes yield to more specific statutes."). As an elected official, Huck falls outside Subsection (1)(C). And accordingly, he is not Perry County's "employee" for purposes of Section 5-10-8-2.6, because that statute "applies only to local unit public employers and their employees." I.C. § 5-10-8-2.6(a).

This conclusion is bolstered by reviewing the related statutes in Chapter 5-10-8 on group plans for both local-unit and state-level employees. The local-unit public employee statute tellingly mentions all three categories of employees from Subsection (1)(C) but, like that provision, omits elected or appointed officials. *Id.* § -2.6(b). Indeed, the statute imposes no restrictions on a local-unit public employer's treatment of elected officials. It simply provides that such an employer "may" provide group plans for employees and that, if it does provide a plan for full-time employees, it may exclude part-time employees and persons working under contract. *Id.* Meanwhile, the statute on group plans for state-level public employees specifically mentions "employees who hold elected offices." *Id.* § -7(d). Thus, a review of the chapter as a whole indicates that the definition of "employee" in Subsection (1)(A) applies at the state level but not at the local level. In sum, these statutes do not prevent Perry County from excluding elected officials from its group plan.

The Court ultimately reaches the same conclusion, reasoning that local-unit public employers may "categorize their locally elected officials

as full-time or part-time employees" and thus exclude part-time elected officials from a group plan. *Ante*, at 8. But the problem with that approach is that it may violate a statute that precludes counties from compensating an "elected county officer . . . based on the number of hours worked." I.C. § 36-2-5-13(b). Though the Court concludes this statute merely prohibits a local-unit public employer from paying an elected official "at an hourly rate," *ante* at 9, the statute also includes "health insurance" benefits within the scope of "compensation," I.C. § 36-2-5-13(a). Section 36-2-5-13 therefore corroborates the conclusion that elected officials are neither full-time nor part-time employees for purposes of local-unit group plans.

For these reasons, Huck failed to demonstrate a reasonable likelihood of prevailing on his claim. But even if he had made that showing, he would still not be entitled to a preliminary injunction because he did not provide evidence that he faces a risk of irreparable harm.

## II. Huck failed to demonstrate that losing insurance benefits posed a risk of irreparable harm.

Turning to the irreparable-harm element, we have recognized that a "party suffering mere economic injury is not entitled to injunctive relief because damages are sufficient to make the party whole." *Ind. Fam. & Soc. Servs. Admin. v. Walgreen Co.*, 769 N.E.2d 158, 162 (Ind. 2002). At its core, the loss of health-related benefits is an economic injury because it shifts the burden of securing insurance or paying for medical care directly to the individual. *Tilley v. Roberson*, 725 N.E.2d 150, 154 (Ind. Ct. App. 2000). Thus, courts typically enter injunctions only when a loss of health insurance produces an appreciable risk of harm to health.[1]

---

[1] *See Avemco Ins. Co. v. State ex rel. McCarty*, 812 N.E.2d 108, 111–13, 120–21, 126 (Ind. Ct. App. 2004) (affirming injunction where payments were not being made on care for high-risk individuals with life-threatening diseases); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000) (concluding some plaintiffs failed to show "such financial straits that they would be forced to choose between medical care and other necessities"); *Welch v. Brown*, 551 F. App'x 804, 813 (6th Cir. 2014) (affirming injunction where plaintiffs likely faced "significant

Here, Huck has not shown harm beyond economic injury. He presented no evidence that he was unable to obtain other insurance, faced difficulty affording medical care, lost access to existing providers, or encountered any risk to his or his wife's health. While Huck argues he was ineligible for COBRA and lost continuous coverage, nothing in the record indicates he cannot obtain equivalent coverage. Accordingly, he did not prove a risk of irreparable harm.

Because I conclude the trial court erred for reasons different from those relied on by the Court, I concur only in the judgment.

---

interference in care"); *Mamula v. Satralloy, Inc.*, 578 F. Supp. 563, 577 (S.D. Ohio 1983) (entering injunction where many plaintiffs could not afford individual plans and would consequently forego care); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW v. Exide Corp.*, 688 F. Supp. 174, 187 (E.D. Pa.), *aff'd*, 857 F.2d 1464 (3d Cir. 1988) (entering injunction to avert "substantial risk" that workers would "forego necessary medical treatment or diagnosis because of their inability to pay their share of the costs"); *Cabral v. Olsten Corp.*, 843 F. Supp. 701, 703–04 (M.D. Fla. 1994) (entering injunction where uninsurable cancer patient lost coverage).

**Goff, J., dissenting.**

Keith Huck is an elected member of the Perry County Common Council. Perry County (or the County), as a local unit public employer, provides and pays in part group health-insurance coverage for employees, retired employees, and their dependent family members. In June 2023, the Perry County Board of Commissioners publicly voted to discontinue health-insurance coverage for its part-time employees effective January 2024. *See* Ind. Code § 5-10-8-2.6(b). Because Huck only worked an average of nine hours per month as a councilman, Perry County concluded that he was a part-time employee, and he and his wife lost health-insurance coverage. Huck sought a preliminary injunction against Perry County, arguing that if the County is going to provide health insurance to its employees, it must do the same for him because, as an elected official, he *is* an "employee," no matter how many hours he works. *See* I.C. § 5-10-8-1(1). The trial court agreed and granted the preliminary injunction. In reversing, this Court concludes that the County has the statutory authority to identify Huck's role as part-time and to exclude him from coverage. *Ante*, at 2.

I disagree. As an elected official, Huck is an "employee," not a "part-time" employee that the County may exclude from group health insurance. *See* I.C. § 5-10-8-1(1). And Huck's compensation, which includes health insurance, cannot be reduced based on hours worked. *See* I.C. §§ 36-2-5-13(a), (b).

## The trial court did not abuse its discretion when it granted Huck's preliminary injunction.

Whether to grant or deny a preliminary injunction lies "within the sound discretion of the trial court." *State v. Econ. Freedom Fund*, 959 N.E.2d 794, 799 (Ind. 2011) (internal citation omitted). Accordingly, we review a trial court's grant of a preliminary injunction for an abuse of discretion. *Members of Med. Licensing Bd. v. Planned Parenthood Great Nw., Haw., Alaska, Ind., Ky., Inc.*, 211 N.E.3d 957, 964 (Ind. 2023). An abuse of discretion occurs when "the trial court's ruling is clearly against the logic and effect

of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *Hayworth v. Schilli Leasing, Inc.*, 669 N.E.2d 165, 167 (Ind. 1996) (internal quotation marks and citation omitted). To the extent this Court's analysis of the reasonable-likelihood-of-success requirement turns on the trial court's interpretation of purely legal issues, this Court reviews the issues de novo. *Med. Licensing Bd.*, 211 N.E.3d at 965.

To obtain a preliminary injunction, the moving party must show by a preponderance of the evidence that: (1) the moving party has a reasonable likelihood of success at trial, (2) the remedies at law are inadequate and irreparable harm will occur while the case is pending, (3) the threatened injury to the movant outweighs the potential harm to the nonmoving party from the granting of an injunction, and (4) the public interest would not be disserved by granting the requested injunction. *Thind v. Delaware Cnty.*, 207 N.E.3d 434, 439 (Ind. Ct. App. 2023); *Vickery v. Ardagh Glass Inc.*, 85 N.E.3d 852, 859–60 (Ind. Ct. App. 2017), *trans. denied*.

## I. Huck has a reasonable likelihood of success on the merits because he's not a part-time employee and the County cannot exclude him from group health insurance based on hours worked.

When interpreting a statute, our goal is to determine the legislature's intent. *Lake Cnty. Bd. of Comm'rs v. State*, 181 N.E.3d 960, 968 (Ind. 2022). We will first "give [the statute's] words their plain meaning and consider the structure of the statute as a whole." *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016). We read the statutory language "logically and consistently with the statute's underlying policy and goals," and to avoid conflicts with other statutes. *Culver Cmty. Tchrs. Ass'n v. Ind. Educ. Emp. Rels. Bd.*, 174 N.E.3d 601, 604–05 (Ind. 2021) (internal quotation marks and citation omitted); *Gierek v. Anonymous 1*, 250 N.E.3d 378, 392 (Ind. 2025). We can also turn to legislative history to "offer analytical support, facilitating our process—and ultimate goal—of uncovering and giving proper effect to the legislature's intent." *Gierek*, 250 N.E.3d at 388.

Indiana Code chapter 5-10-8 addresses legislative mandates for "Group Insurance for Public Employees." For purposes of group insurance, "employee" is defined in pertinent part as "an elected or appointed officer or official, *or* a full-time employee," or, "for a *local unit public employer*, a full-time or part-time employee or a person who provides personal services to the unit under contract during the contract period" and "whose services have continued without interruption at least thirty (30) days." I.C. §§ 5-10-8-1(1)(A), (C) (emphases added). If a local unit public employer, such as a county, chooses to provide group insurance, it may "exclude part-time employees" from coverage. *See* I.C. §§ 5-10-8-2.6(a), (b); I.C. § 5-10-8-1(5). An insurance contract for local employees "may not be canceled by the public employer during the policy term of the contract." I.C. § 5-10-8-2.6(d).

The Court concludes that Perry County can exclude Huck from coverage because the County categorized him as a "part-time" employee. I disagree. As I explain further below, Huck is not a "part-time" employee, and his compensation cannot be reduced based on hours worked.

### A. The text of the statute is ambiguous as to whether elected officials can be categorized as "part-time" employees.

Huck reads subsection 5-10-8-1(1)(A) as creating the following categories of employees: elected officers or officials, appointed officers or officials, and full-time employees. *See* I.C. § 5-10-8-1(1)(A). He then reads subsection 1(C) as creating additional categories of employees for local unit public employers: full-time, part-time, and contract employees. *See* I.C. § 5-10-8-1(1)(C). Under Huck's reading, "elected officials" like him are a category of employees separate from "full-time" and "part-time" employees. And because he's neither a part-time employee nor a full-time employee, Huck submits, he's simply an employee. Thus, Huck concludes, Perry County cannot exclude him from health-insurance coverage using Indiana Code subsection 5-10-8-2.6(b).

For its part, Perry County argues that for local governments, all employees, including elected officials, fall into three categories: "full-time," "part-time," or "a person who provides personal services to the unit under contract during the contract period." *See* I.C. § 5-10-8-1(1)(C). Perry County acknowledges a conflict between the two subsections: whereas subsection 1(A) broadly defines an employee to include an elected official, subsection 1(C) defines employee more narrowly as full-time employees, part-time employees, or persons who provide personal services under contract. But, Perry County contends, citing our canons of construction, subsection 1(C) applies here—to local unit public employers—as the more specific definition. Appellant's Br. at 24 (citing *State v. Franciscan Alliance, Inc.*, 223 N.E.3d 1148, 1154 (Ind. Ct. App. 2023)). If Huck needs to be categorized as either a full-time, part-time, or contract employee, the County contends, it can categorize him as part-time because he works only nine hours per month. And as a part-time employee, the County can exclude Huck from health insurance.

Given these reasonable competing interpretations of the statute, we can conclude that its text is ambiguous. *See Loomis v. ACE Am. Ins. Co.*, 244 N.E.3d 908, 922 (Ind. 2024). To resolve this ambiguity and discern the legislature's intent, we can look to the statute's legislative history and its interaction with other statutes.

## B. The legislature intended elected officials to be their own category of employees, separate from part-time employees, and an elected official's health insurance cannot be discontinued based on the number of hours worked.

The legislature intended local elected officials to be "employees" for health-insurance purposes, regardless of the number of hours they work. In 1957, legislation was enacted to empower public employers to contract for insurance coverage for their employees. Act of Mar. 14, 1957, ch. 296, 1957 Ind. Acts 769, 769. The statute defined "employee" as a "full-time employee whose services have continued uninterrupted for a period of

at least thirty (30) days." *Id.* Later that year, the Attorney General issued an advisory opinion interpreting the statute to conclude that elected officials do not qualify as "employees" for purposes of coverage. 1957 Ind. Op. Atty. Gen. No. 21 at 88 (1957). In response, the legislature in 1961 amended the statute to include "elected" officials. Act of Mar. 4, 1961, ch. 98, 1961 Ind. Acts 199, 200. And in 1978, the Attorney General issued an advisory opinion commensurate with this change, concluding that a school-board member (an elected official) was entitled to participate in their employer's group-health insurance plan. 1978 Ind. Op. Atty. Gen. No. 20 at 60 (1978). In short, the legislative changes to the definition of "employee" to specifically include elected officials—a definition recodified in 1980—shows the legislature's intent to include them in group-health insurance plans. *See* Pub. L. No. 8-1980, § 41, 1980 Ind. Acts 31, 67.

Next, Indiana Code section 36-2-5-13 (or the Compensation Statute) shows that elected officials are a separate category of employees from "part-time" and "full-time" employees. The Compensation Statute states in pertinent part that "[a]n *elected county officer* is not required to report hours worked and may not be compensated based on the number of hours worked." I.C. § 36-2-5-13(b) (emphasis added). The statute expressly includes "health insurance" benefits within the scope of "compensation." I.C. § 36-2-5-13(a). Because hours worked is the method for distinguishing part-time from full-time employees, the legislature, by specifying that elected officials cannot be compensated based on hours worked, intended for elected officials to be a category separate from full-time and part-time employees. As the trial court recognized, elected officials do "a lot of work that goes on behind the scenes, day-to-day, night-in, night-out, that isn't in a meeting or isn't documented in minutes somewhere." Tr. Vol. 2, p. 16. Because there is no way to distinguish "full-time" and "part-time" elected officials for insurance purposes without violating the Compensation Statute, the legislature intended elected officials to be their own category of employees.

But the Court's conclusion that Huck *can* be categorized as a "part-time employee" and excluded from health insurance conflicts with the Compensation Statute. Because Perry County cannot reduce an elected

official's compensation based on hours worked, and compensation includes health insurance, Perry County cannot end Huck's health insurance simply because he only works nine hours per month. The legislature intended elected officials to be eligible for health insurance regardless of the number of hours they work.

## II. The trial court did not abuse its discretion in concluding Huck faces irreparable harm.

The party seeking a preliminary injunction must also show injury beyond a pure economic injury. *See Ind. Fam. & Soc. Servs. Admin. v. Walgreen Co.*, 769 N.E.2d 158, 163 (Ind. 2002). Here, the trial court did not abuse its discretion in concluding that the loss of health-insurance coverage is an irreparable injury. *See, e.g., Whelan v. Colgan*, 602 F.2d 1060, 1062 (2d Cir. 1979) (concluding a "threatened termination of benefits such as medical coverage for workers and their families obviously raised the spectre of irreparable injury"); *Mamula v. Satralloy, Inc.*, 578 F.Supp. 563, 577 (S.D. Ohio 1983) ("To presume that one not able to afford health insurance coverage is harmed only in a monetary sense is to ignore the realities of the situation."). Because the loss of health-insurance coverage can impact health, a harm beyond economics, the trial court did not abuse its discretion in concluding Huck faced irreparable harm.

The trial court also did not abuse its discretion in concluding that health insurance through the Consolidated Omnibus Budget Reconciliation Act (COBRA) or the Affordable Care Act (ACA) is an inadequate substitute for the insurance Huck and his wife lost. A person qualifies for temporary health insurance under COBRA after a "qualifying event" occurs. 29 U.S.C. § 1163. But Huck does not qualify for COBRA because no qualifying event—such as termination or reduced hours— occurred here. *See id.* § 1163(2). And even if Huck could have obtained health insurance through the ACA, the trial court concluded that it may not be realistic to obtain or provide him with the same level of coverage.

## III. The trial court did not abuse its discretion in concluding that the threatened injury to Huck outweighs the potential harm to Perry County from granting the injunction.

The party seeking a preliminary injunction must also show that the threatened injury to the moving party (if the injunction is not granted) outweighs the potential injury to the non-moving party (if the injunction is granted). *Vickery*, 85 N.E.3d at 859. In its order, the trial court concluded that the injury to Huck from loss of health-insurance coverage outweighed the potential harm to the County by requiring it to provide coverage. The County did not argue on appeal the trial court abused its discretion when weighing the harms, thus arguably waiving the issue. *See French v. State*, 778 N.E.2d 816, 826 (Ind. 2002). Potential waiver aside, considering the deferential standard of review, the trial court did not abuse its discretion. The trial court reasonably concluded that the harm Huck faces from losing health insurance outweighs the additional costs to the County in providing health insurance.

## IV. The trial court did not abuse its discretion in concluding that granting the injunction does not disserve the public interest.

The party seeking a preliminary injunction must also show that granting the injunction will not disserve the public interest. *Vickery*, 85 N.E.3d at 860. Perry County argues that the cost associated with granting Huck's preliminary injunction disserves the public because it paid $28,863.12 towards his health insurance—more than six times his annual salary of $4,783—for just nine hours of work per month. Perry County has also spent $200,000 more than anticipated on insurance for its employees and expended twenty-five percent of its reserve funds to pay those insurance costs. Appellant's App. Vol. 2, pp. 30, 31, 37. Granting Huck's preliminary injunction, the County contends, could place a significant financial burden on small counties with limited resources.

But *not* providing insurance may also disserve the public because quality candidates might not run for office. During a board meeting, one County commissioner commented that Perry County is one of the lowest paid counties, and providing insurance can help attract good quality leaders. Considering the deferential standard of review, the trial court did not abuse its discretion in concluding that the preliminary injunction would not disserve the public interest. The trial court could have reasonably concluded that, despite the cost to the taxpayers, the injunction would keep quality leaders in elected positions which ultimately benefits the public.

## Conclusion

From my reading of the relevant statutes, the legislature intended local elected officials to be a separate category of employees from part-time and full-time employees for health-insurance purposes, regardless of the number of hours they work. Therefore, the County cannot exclude Huck from health insurance because he only works nine hours per month. Ultimately, the issue of health-insurance coverage for local elected officials is an important policy issue best left for the legislature to address, and I welcome further clarification.